**FORT BEND INDEPENDENT SCHOOL DISTRICT,**
Appellant,

v.

**Thelma R. RIVERA, Appellee.**

No. 14–01–00721–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 15, 2002.

Clay T. Grover, Houston, for Appellant.

Melissa Moore, Rodrigo R. De Llano, Houston, for Appellee.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

### REVISED MAJORITY OPINION

WANDA McKEE FOWLER, Justice.

On our own motion, we withdraw our opinion issued June 27, 2002, and substitute the following opinion.

Appellant, Fort Bend Independent School District (Fort Bend ISD), appeals the trial court's interlocutory order denying its plea to the jurisdiction, claiming that appellee, Thelma Rivera, failed to exhaust her administrative remedies before filing her whistle-blower action in district court. The two issues the parties have presented to us are (1) did Rivera have to exhaust the grievance procedure or merely initiate it, and (2) when did Rivera initiate the grievance procedures. We affirm.

#### FACTUAL AND PROCEDURAL HISTORY

Rivera was employed as a clerk by Fort Bend ISD for two years. In August 2000, she was transferred to Goodman Elementary School where her duties included enrollment procedures and keeping daily attendance records. Rivera's petition and affidavit allege that in September 2000, her direct supervisor, Principal Mercedes Wilson–Everett, falsified enrollment documents for her niece and one other employ-ee's child so the children could attend the school. When Rivera discovered this, she notified Wilson–Everett that she had violated the law.[1]

On November 3, Rivera reported the infractions to personnel in the Human Resource Department (Human Resources). Several days later, she again contacted Human Resources and requested a transfer because she was being treated differently, presumably in retaliation for her disclosure of the falsification. Then, on November 8, the falsified records were removed from Rivera's files without her knowledge, and she contacted Human Resources to find out why the two students' files were missing. She was told that the files had not been requested by Fort Bend ISD administration but the problem would be investigated. Rivera was never given an explanation for the files' disappearance. On November 9, all student files were removed from Rivera's office. This action prevented Rivera from performing her duties.

After November 8, Rivera made several attempts to meet with Wilson–Everett to initiate the proper "Level One" grievance procedures under Fort Bend ISD policy.[2] Each time, however, Rivera was told by Wilson–Everett's assistant that she was unavailable or that her door was locked and she would not respond.

On November 27, Rivera contacted Human Resources for advice because all re-

---

1. *See* TEX. PEN.CODE ANN. § 37.10 (Vernon 1994); TEX. EDUC.CODE ANN. § 25.001(h) (Vernon 1996).

2. The policy provides in pertinent part:

 Level One: An employee who has a grievance shall meet with the principal or immediate supervisor within ten days of the time the employee first knew or should have known of the event or series of events causing the grievance. At this meeting, the employee shall submit the grievance in writing on a form provided by the District.

 Level Two: If the outcome of the conference at Level One is not to the employee's satisfaction, the employee may meet with the Superintendent or designee within ten days after receiving the response to discuss the grievance. The employee shall give written notice of appeal of the Level One decision on a form provided by the District.

quests to meet with her direct supervisor had been refused. Rivera was not apprised of the proper procedures under the written Fort Bend ISD guidelines, but rather, she was advised by Human Resources to "think about quitting." Confused, Rivera asked her daughter for help. Rivera's daughter found a grievance procedure form on the Fort Bend ISD website. She then contacted Human Resources for directions in filing a whistle-blower grievance against a direct supervisor because Wilson–Everett was Rivera's direct supervisor. Rivera's daughter was told that the grievance should not be submitted to Wilson–Everett, but to Rivera's "Level Two" supervisor, Superintendent Mel Crafter. Accordingly, Rivera hand-delivered a written grievance to Crafter's office on November 28. On the same day, Wilson–Everett fired Rivera for poor job performance. Just two days later, Crafter informed Rivera that her written grievance had been improperly filed with him and should have been filed with Wilson–Everett. Rivera ultimately "re-submitted" her written grievance (initially filed with Crafter) to Wilson–Everett on February 15, 2001.[3]

### THE STATUTE

The whistle-blower act provides that "a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(a) (Vernon Supp.2002).

Before an employee files suit in district court, the act requires the employee to initiate the grievance or appeal procedures of the employing state or governmental entity. TEX. GOV'T CODE ANN. § 554.006(a) (Vernon Supp.2001). The employee must initiate the grievance procedures within 90 days after the alleged violation occurred. *Id.* § 554.006(b). If the employer does not render a decision within 60 days from the date the employee initiated the grievance, the employee may file suit in district court. *Id.* § 554.006(d).

The apparent purposes underlying the act are to protect public employees from retaliation by their employers for reporting violations of law in good faith and to secure lawful conduct from those who direct and conduct the affairs of public bodies. *Housing Auth. v. Lopez,* 955 S.W.2d 152, 160 (Tex.App.-Austin 1997, no pet.). But the Legislature also intended to afford the governmental entity an opportunity to correct its errors by resolving disputes before facing litigation, as the expense of litigation is borne ultimately by the public. *University of Tex. Med. Branch v. Hohman,* 6 S.W.3d 767, 774 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 753 (Tex. App.-Austin 1998, no pet.). The act encourages compliance through informal processes—voluntary resolution, conference, conciliation and persuasion—rather than litigation. *Gregg County v. Farrar,* 933 S.W.2d 769, 773 (Tex.App.-Austin 1996, writ denied) (citing *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.2d 483, 486 (Tex. 1991)).

**3.** Fort Bend ISD contends that this "re-submission" was Rivera's first attempt to initiate the grievance procedures, and thus, because it is dated February 15, and Rivera filed in district court on February 21, she is not in compliance with the whistle-blower statute and her suit should be barred. Nowhere, however, in Fort Bend ISD's brief or reply brief, does it address Rivera's many attempts to properly initiate the grievance procedures under Fort Bend ISD policy before February 15. We find this omission misleading.

## STANDARD OF REVIEW

We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *Univ. of Houston v. Elthon*, 9 S.W.3d 351, 355 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.). A party contests the trial court's authority to determine the subject matter of a cause of action through a plea to the jurisdiction. *Elthon*, 9 S.W.3d at 355. Subject-matter jurisdiction is essential to a court's power to decide a case, and it is determined from the good-faith factual allegations contained in the plaintiff's pleadings. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). A court may also consider other relevant evidence, and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because the whistle-blower act is remedial in nature, it should be liberally construed in favor of jurisdiction. *See Peek v. Equip. Serv. Co.*, 779 S.W.2d 802, 804 (Tex.1989); *Elthon*, 9 S.W.3d at 355.

The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Texas Ass'n of Bus.*, 852 S.W.2d at 446. These factual allegations are construed in favor of the plaintiff, and we look to the pleader's intent. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 892 (Tex.2000); *Texas Ass'n of Bus.*, 852 S.W.2d at 446. That is, a trial court must accept the allegations in the petition as true, unless the defendant pleads and proves that they were fraudulently made to confer jurisdiction. *Bland*, 34 S.W.3d at 554 (explaining that when a defendant argues the amount in controversy is below the court's jurisdictional limit, the plaintiff's pleadings are determinative unless the defendant specifically alleges that the amount was fraudulently pleaded for the purpose of wrongfully obtaining jurisdiction); *Elthon*, 9 S.W.3d at 355–56; *Curbo v. State*, 998 S.W.2d 337, 341–42 (Tex.App.-Austin 1999, no pet.).

## DISCUSSION AND HOLDING

Fort Bend ISD claims that Rivera did not exhaust her administrative remedies as required under the act because she allegedly initiated grievance procedures less than a week before she filed suit. As a result, Fort Bend ISD claims the trial court lacks subject-matter jurisdiction.

The two issues the parties have presented to us are (1) did Rivera have to exhaust the grievance procedure or merely initiate it, and (2) when did Rivera initiate the grievance procedures. For the reasons set forth below, we hold that the statute does not require exhaustion of the grievance procedure, it requires initiation, and Rivera properly initiated grievance procedures and waited more than sixty days to sue.

As to the first issue—initiation versus completion—the 1995 amendments to subsection (a) show the fallacy in Fort Bend ISD's argument. *See* Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 610, *amended by* Act of June 15, 1995, 74th Leg., R.S., ch. 721, § 6, 1995 Tex. Gen. Laws 3812, 3813; TEX. GOV'T CODE ANN. § 554.006(a) (Vernon Supp.2002). Apparently, to clarify the procedural requirements under the act and promote a liberal construction of the statute, the Legislature replaced the word "exhaust" with the word "initiate." *City of San Antonio v. Marin*, 19 S.W.3d 438, 441 (Tex.App.-San Antonio 2000, no pet.). However, even before this change was made, the courts did not interpret the clause to require exhaustion. *See id.* ("Exhaustion, in the literal sense of the word, is not required under the statute."). Thus,

as to the very narrow issue of whether the statute requires exhaustion of the grievance process or only initiation of the process, we hold it requires initiation.[4]

■ Our next issue concerns when Rivera initiated the grievance procedure. Fort Bend ISD claims she did not initiate until February 15, 2001; Rivera claims she initiated grievance procedures in early November of 2000. We agree with Rivera.

To reiterate, an employee under Fort Bend ISD's grievance policy "shall meet with the principal or immediate supervisor ... [and] at this meeting, the employee shall submit the grievance in writing on a form provided by the District." Taking Rivera's allegations as true, as we must, they are sufficient to show that Rivera timely and properly initiated the grievance procedures pursuant to Fort Bend ISD's policy because she diligently requested several "Level One" meetings with Wilson–Everett. *See Elthon*, 9 S.W.3d at 356 (holding that public employee's repeated reports to university administrators of colleagues' violations of ethical conduct was sufficient to show that respondent properly initiated the grievance procedures as required by the whistle-blower act). Not being successful at meeting with her "Level One" supervisor, she then sought assistance with the district on what she should do next. She was told to go to the District Superintendent, which she did.

If the attempts by an employee to comply with the entity's grievance procedures were effectively thwarted by the entity's refusal to meet, the purpose of the statute would be frustrated, particularly if the entity was allowed to proclaim that the em-

ployee did not exhaust her administrative remedies under the Act. Fort Bend ISD cannot, on the one hand, refuse to meet with an employee as required by the policy, and then, on the other hand, complain that the employee failed to follow the policy. *See id.*

■ We also note that our holding falls within well-settled precedent involving unclear procedures of a governmental entity. *See Upton County v. Brown*, 960 S.W.2d 808, 813–14 (Tex.App.-El Paso 1997, no pet.) (finding procedures unclear when employee initiated grievance procedures but supervisor failed to respond); *Beiser v. Tomball Hosp. Auth.*, 902 S.W.2d 721, 724–25 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (holding that procedure was unclear when employee was told to discuss his termination with a supervisor who never returned his call). Here, the grievance procedures seem clear on their face—unless the supervisor refuses to meet with the employee as alleged by Rivera. Indeed, there is nothing in the policy explaining what to do if one's "Level One" supervisor refuses to grant the employee a meeting. Moreover, when Rivera repeatedly requested guidance from Human Resources, she was not informed of any grievance procedures. Instead, she was allegedly advised to quit. And, when Human Resources finally did provide some guidance to Rivera's daughter, even that advice—to proceed to "Level Two"—Fort Bend ISD admitted was incorrect, and thus, entirely unclear.[5]

Courts of Appeals have held that when an entity's policy is unclear, a terminated employee's claim will not be barred by the

---

4. As the issue is not before us, our conclusion does not address what is required when the employer has no grievance procedures in place.

5. This exposes another problem with the policy. It does not explicitly address what is required of an employee whose direct supervisor is the person of whom she seeks to complain. Thus, the procedures were unclear as applied to Rivera.

statutory requisites of the whistle-blower act. *Hohman,* 6 S.W.3d at 775; *Curbo,* 998 S.W.2d at 341(construing the entity's grievance procedures as inapplicable to terminated employees); *Brown,* 960 S.W.2d at 814. This construction is consistent with the remedial purpose of the statute, and today, we follow this exception.

 Finally, on rehearing, Fort Bend ISD asked this Court to hold that the parties may engage in discovery to determine whether Rivera's allegations are true. Fort Bend ISD claims Rivera's allegations have created fact issues that must be addressed before this Court or the trial court can rule on its plea to the jurisdiction. Fort Bend ISD states that it did not engage in any discovery before filing its motion because it first wanted the trial court to determine if Rivera had met the jurisdictional prerequisites. However, under the case law, the only way that Fort Bend ISD could have prevailed on its plea is if Rivera's allegations were not true and fraudulently made to confer jurisdiction. Thus, the truth of Rivera's allegations were in issue from the outset (from Fort Bend ISD's perspective) and it should have engaged in discovery from the beginning.[6] In short, the burden is on Fort Bend ISD to show that the evidence in the record is insufficient to confer jurisdiction on the trial court. *See Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex. 1996) (noting that in absence of pleading

and proof of fraudulently alleged jurisdictional amount in controversy, jurisdiction is determined by the averments in the petition); *Mission Consol. Indep. Sch. Dist. v. Flores,* 39 S.W.3d 674, 677 (Tex. App.-Corpus Christi 2001, no pet.); *Curbo,* 998 S.W.2d at 342. Fort Bend ISD has not proffered any such evidence.

Additionally, Fort Bend ISD's issue on appeal was limited. The gravamen of Fort Bend ISD's plea to the jurisdiction was that Rivera had not given it the opportunity to render a final decision on her grievance within sixty days of the date the grievance was initiated because she filed suit six days after her February 15th grievance resubmission. Fort Bend ISD complains that the proper remedy for a whistle-blower's failure to complete the grievance process is dismissal for lack of jurisdiction. However, as we have noted, Rivera's petition and affidavits state that she did initiate the grievance process and that more than sixty days elapsed between the time of initiation and filing of suit. Thus, because Rivera attempted to initiate the grievance procedure in November of 2000—well before the date Fort Bend ISD relies upon—Fort Bend ISD's contention that she failed to wait sixty days before filing suit is without merit. We therefore overrule this issue.

██ As one additional matter, we note that the concurrence finds fault with the

---

6. An assignment of error raised for the first time in an appellant's motion for rehearing is too late to be considered. *Lee v. Lee,* 47 S.W.3d 767, 799 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (citing *Washington v. Walker County,* 708 S.W.2d 493, 497 (Tex. App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.)). In its brief, Fort Bend ISD did not argue that the case should have been dismissed because there were fact questions preventing Rivera from establishing jurisdiction as a matter of law. While the issue of jurisdiction may be raised by either procedural vehicle—a plea to the jurisdiction or motion for summary judgment—Fort Bend ISD chose to file a plea to the jurisdiction. *See Bland,* 34 S.W.3d at 554. Therefore, the existence of fact issues is not implicated in our standard of review. *See id.* Our task is to consider only those issues presented by the parties. *See Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex. 1993); *Allright, Inc. v. Pearson,* 735 S.W.2d 240, 240 (Tex.1987) (holding that it was error for court of appeals to consider unassigned points of error).

majority for taking Rivera's allegations as true. We would agree with that conclusion if the parties had requested an evidentiary hearing or if Fort Bend ISD had submitted conclusive evidence on the jurisdictional question. However, that did not happen. The record contains no court reporter's record of an evidentiary hearing or other evidence submitted by Fort Bend ISD.[7]

In considering jurisdictional pleas, an appellate court reviews the pleadings and any evidence relevant to the jurisdictional issue. *Texas Dep't of Crim. Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001) (citing *Texas Natural Resource & Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex.2001)); *Bland,* 34 S.W.3d at 555. We construe the pleadings liberally in the plaintiff's favor. *Texas Dept. of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex.2002) (per curiam) (citing *Texas Ass'n of Bus.,* 852 S.W.2d at 446); *Bland,* 34 S.W.3d at 554–55. The evidence in the record is confined to affidavits of Ms. Rivera and her daughter. The trial court had to consider this evidence. *Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan,* 51 S.W.3d 293, 294 (Tex.2001) (reversing court of appeals' holding that a pleading claiming exhaustion of administrative remedies was conclusive, despite unchallenged evidence to the contrary, absent opponent's allegation that the pleading was fraudulently made to confer jurisdiction); *Bland,* 34 S.W.3d at 554–55 (stating a plaintiff's pleadings are determinative un-

less the defendant specifically alleges or establishes that the contrary is true).

In short, we are constrained to take the record as it is presented to us. There is no evidence controverting Ms. Rivera's allegations and her affidavits; they are taken as true. Fort Bend ISD's plea to the jurisdiction was correctly denied because the record before us establishes she initiated a grievance procedure and waited at least sixty days before filing suit, thereby satisfying the requirements for filing a whistle-blower act claim. *See Texas Bd. of Pardons and Paroles v. Feinblatt,* 82 S.W.3d 513 (Tex.App.-Austin 2002, no pet. h.); *Johnson v. City of Dublin,* 46 S.W.3d 401, 403–05 (Tex.App.-Eastland 2001, pet. denied).

### CONCLUSION

Our opinion holds exhaustion was not required based on the pleadings and record currently before us; Rivera initiated her administrative remedies and waited more than sixty days from the initial date of her grievance to sue. As a result, we affirm the denial of Fort Bend ISD's plea to the jurisdiction.[8]

BRISTER, C.J., concurs.

BRISTER, C.J., concurring.

I think we have gone off track here. This is not a jurisdictional case. In *Essenburg v. Dallas County, the Texas Supreme*

---

7. While the trial court may hear evidence to flesh out the jurisdictional plea, it is a matter of discretion with the trial court and, most notably, Fort Bend ISD did not request such a hearing. *See Harris County Flood Control Dist. v. Adam,* 56 S.W.3d 665, 667 n. 4 (Tex. App.-Houston [14th Dist.] 2001, pet. dism'd w.o.j.).

8. In reaching our holding, we have not had to answer the question whether the failure to

wait sixty days before filing suit deprives the court of jurisdiction or merely requires abatement. Had Fort Bend ISD been correct that Rivera initiated grievance proceedings less than a week before suing, this issue would have been squarely before us. However, since Rivera initiated grievance procedures at least sixty days before filing suit, we do not have to address the issue.

Court distinguished between "exhaustion" and "presentment" statutes:

- statutes requiring *exhaustion* of administrative remedies confer jurisdiction upon an administrative agency to resolve disputed issues of fact and policy;

- statutes requiring *presentment* give a governmental defendant notice of the claim and an opportunity to settle it without litigation.

988 S.W.2d 188, 189 (Tex.1998) (per curiam). Because of these different purposes, failure to comply with the former is jurisdictional, but failure to comply with the latter is not. *Id.*

Section 554.006 requires a claimant to initiate *but not complete* a grievance. Thus, it falls squarely in the presentment category. Even assuming Ms. Rivera failed to initiate a grievance, the proper remedy would be to make her wait the statutory sixty days. Because that is what the trial court did, I would affirm, whether or not she properly initiated a grievance.

Treating this issue as jurisdictional merely prolongs this dispute. The majority takes Ms. Rivera's allegations as true today, but that will no longer be the case if the school district pursues its plea by summary judgment or at trial. *See Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000) (holding court should hear evidence as necessary to determine subject-matter jurisdiction). Will our subject-matter jurisdiction evaporate if a jury finds Rivera did not make the contacts she alleges? This is precisely why the Supreme Court jettisoned the no-subject-matter-jurisdiction approach to presentment prerequisites like this one. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75–76 (Tex.2000) (holding compliance with statutory prerequisites should no longer be addressed as a matter of subject-matter jurisdiction that could render judgment void).

Moreover, treating this issue as jurisdictional defeats the Legislature's purpose. Instead of getting sixty days to try to resolve this case without litigation, the parties have spent more than a year fighting over what Ms. Rivera did or failed to do. I do not believe the Legislature intended to make this a game; the statutory deadlines had a purpose besides tossing whistleblowers out of court for filing too early.

I agree with the Court that the trial court did not err. But I would not keep this ball up in the air any longer. Thus, I concur only in the Court's judgment.