**Maxine P. BERRY, Appellant,**

v.

**BOARD OF REGENTS OF TEXAS SOUTHERN UNIVERSITY,**
**Appellee.**

**No. 14–02–00706–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 26, 2003.

Patrick J. Gilpin, Houston, Tommy E. Swate, San Antonio, for appellant.

David S. Morales, Austin, for appellee.

Panel consists of Chief Justice BRISTER and Justices YATES and EDELMAN.

## MAJORITY OPINION

RICHARD H. EDELMAN, Justice.

Maxine P. Berry appeals the trial court's granting of a plea to the jurisdiction and dismissal of her lawsuit against Texas Southern University ("TSU"). We affirm.

Berry, a former non-tenured TSU faculty member, sued TSU under the Texas Whistleblower Act (the "Act").[1] TSU filed a plea to the jurisdiction (the "plea"), asserting that Berry failed to initiate a grievance procedure that was a jurisdictional prerequisite to suing under the Act. The trial court granted the plea and dismissed the case. Berry's four issues on appeal challenge the granting of the plea on the ground that TSU had no grievance procedure for her to initiate.[2]

Whether a trial court has subject matter jurisdiction is a legal question that is reviewed on appeal *de novo*. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002). In deciding

---

1. *See* TEX. GOV'T CODE ANN. § 554.001–.010 (Vernon 1994 & Supp.2003); *id.* § 554.002(a) (Vernon Supp.2003) (prohibiting state or local governmental entity from terminating, or taking other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority).

2. Because Berry does not challenge whether the requirement to initiate a grievance, where applicable, is jurisdictional in nature, we do not address that issue. *See Univ. of Tex. Med. Branch v. Barrett*, 112 S.W.3d 815, 819 (Tex. App.-Houston [14th Dist.] 2003, no pet. h.). Similarly, because TSU did not assert that Berry failed to exhaust administrative remedies in any respects other than initiating a grievance, we express no opinion on the existence or exhaustion of any other administrative remedies.

a plea to the jurisdiction, a court may not consider the merits of the case, but only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

Before suing under the Act, a public employee must "initiate action under the grievance or appeal procedures" of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action. TEX. GOV'T CODE ANN. § 554.006(a) (Vernon Supp.2003). A faculty member at an institution of higher education has a right to present a grievance, in person, to a member of the administration designated by the governing board of the institution on an issue related to the nonrenewal or termination of the faculty member's employment at the institution. TEX. EDUC. CODE ANN. § 51.960(b) (Vernon Supp. 2003).[3] An institution may not restrict this right and *may* (*i.e.,* is not required to) adopt a method for presenting, reviewing, and acting on it. *Id.* § 51.960(c).

▆▆▆▆ In this case, Berry's amended petition did not allege that she in any way initiated a grievance with TSU before fil-

ing suit, but instead that TSU did not have a procedure available to her to do so.[4] However, under section 51.960(b), TSU was required by law to allow faculty members, such as Berry, to present a grievance, and thus to provide some procedure for doing so, even if only informally (*i.e.,* without adopting a formal written set of procedures for conducting it pursuant to section 51.960(c)).[5] To the extent the steps in such a procedure are unclear, as in this case, an employee's request to ranking officials of the employer to invoke the procedure (*i.e.,* whatever it may be) can hardly be denied effect,[6] but an employee is not relieved of the requirement to initiate a grievance. Because Berry's issues do not therefore demonstrate that the trial court erred in granting TSU's plea to the jurisdiction, they are overruled, and the judgment of the trial court is affirmed.

SCOTT BRISTER, C.J., concurring.

SCOTT BRISTER, Chief Justice, concurring.

The Whistleblower Act requires claimants to invoke grievance procedures within 90 days after an alleged violation. *See* TEX. GOV'T CODE ANN. § 554.006(b). I

---

**3.** Berry does not dispute that she was a "faculty member" of TSU for this purpose. *See* TEX. EDUC.CODE ANN. § 51.960(a)(1) (Vernon Supp.2003) (defining "faculty member").

**4.** Berry's amended petition was filed after TSU's plea to the jurisdiction, and Berry does not complain of being denied an opportunity to amend her petition to allege any additional facts.

**5.** Section 2.2 of the TSU Faculty Manual provides: "All disputes over personnel issues shall be heard by the appropriate committee of the lowest academic unit for initial resolution." Even if this provision did not apply to non-tenured faculty members, as Berry contends, section 51.960 nevertheless mandated that some grievance procedure be made available.

**6.** *See Fort Bend Indep. Sch. Dist. v. Rivera,* 93 S.W.3d 315, 320–21 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *Univ. of Tex. Med. Branch v. Hohman,* 6 S.W.3d 767, 775 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.); *Curbo v. State, Office of the Governor,* 998 S.W.2d 337, 341 (Tex.App.-Austin 1999, no pet.); *Upton County v. Brown,* 960 S.W.2d 808, 813–14 (Tex.App.-El Paso 1997, no pet.); *Beiser v. Tomball Hosp. Auth.,* 902 S.W.2d 721, 724 (Tex.App.-Houston [1st Dist.] 1995, writ denied). However, TSU's conduct could not, as Berry contends, confer subject matter jurisdiction on the trial court by estoppel. *See Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan,* 51 S.W.3d 293, 293–95 (Tex.2001).

**326**

agree with the Court that Ms. Berry has raised no valid basis for failing to do so.

We recently held in *University of Texas Medical Branch v. Barrett*, 112 S.W.3d 815 (Tex.App.-Houston [14th Dist.] 2003, n.p.h.), that failure to comply with the various deadlines of the Whistleblower Act is not a jurisdictional defect. Instead, Berry's failure should have been raised by motion for summary judgment rather than a plea to the jurisdiction. *See University of Houston v. Elthon*, 9 S.W.3d 351, 356 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.). But because the result unquestionably would have been the same, I concur in the result of the Court's judgment.