NO. 07-08-0072-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 25, 2009
______________________________

TERESA BATES, AS THE PERSONAL REPRESENTATIVE OF
THE ESTATE OF KEVIN BATES, AND JOE REYNERO, APPELLANTS

V.

RANDALL COUNTY, APPELLEE
_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 56,384-B; HONORABLE RON ENNS, JUDGE PRESIDING
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
OPINION
          Appellants, Joe Reynero and Teresa Bates,


 appeal the trial court’s awards of
attorney’s fees in a whistleblower lawsuit in which appellants prevailed. Appellee, Randall
County, also filed notice of appeal of the judgment. We reverse and remand in part and
affirm in part.
 
Background
          On or about December 13, 2004, Kevin Bates allegedly reported to Stan Cranmer,
assistant superintendent of the Randall County Road and Bridge Department, that
employees of the Department were violating the law by operating road equipment without
the proper commercial driver’s licenses.


 Cranmer, however, denies that Bates ever made
such a report. On December 23, 2004, Reynero called the Randall County Sheriff to report
that employees of the Department were operating equipment without the proper licenses. 
The Sheriff contacted Russell Hanson, superintendent of the Department, and inquired
about the matter. Hanson asked Cranmer if the report was true and Cranmer informed him
that no one had driven without proper licensing.


 
          Following his discussion with the Sheriff, Hanson decided to terminate appellants.
He called both appellants into a meeting on December 29, 2004, at which Hanson
immediately placed letters of termination in front of appellants and informed them that they
had been terminated. According to the termination letters, appellants were being
terminated because,
Employee violated the Randall County personnel policy by ignoring proper
grievance procedure by by-passing road department supervisors and
department head[


] and going directly to another department head. This
caused a major disruption of departmental work flow. It is felt this attitude
would be too disruptive in the future for effective departmental function.
After Hanson read the letters to appellants, Reynero attempted to discuss the matter with
Hanson, but Hanson cut him off by saying that the matter was not “up for discussion” and
that Bates and Reynero should leave the premises. Reynero testified at the subsequent
trial that he considered his attempts to discuss the matter with Hanson to be a verbal
initiation of the County’s grievance procedure. 
          On or about March 8, 2005, the County’s attorney made a verbal offer to reinstate
both Bates and Reynero with full back-pay and benefits. Appellants’ attorney rejected the
offer. On March 15, appellants sent letters to Brady Phillips


 requesting reinstatement,
double back pay, and other compensatory damages to be discussed in the future. On
March 24, the County sent settlement offers to appellants that would either reinstate
appellants with back-pay or would pay them back-pay through March, plus the amount of
money each appellant withdrew from their retirements, and $5,000. The cash settlement
offers contained in these letters would total $23,500.76 for Bates and $16,903.22 for
Reynero. On this same date, Phillips responded to appellants’ March 15 letters by letters
stating, “I have reviewed your grievance and will deny it because it was not filed timely and
you failed to follow proper procedure . . . .” The following day, appellants sent letters to
Cranmer expressing a desire to continue to pursue their grievances. The record does not
include any response to appellants’ March 25 letters.
          On April 7, 2005, appellants filed suit against Randall County alleging violations of
the Texas Whistleblower Act. See Tex. Gov’t Code Ann. §§ 554.001-.010 (Vernon 2004).


 
Appellants sought actual damages in the form of lost wages and mental anguish damages,
punitive damages, and attorney’s fees. The County answered. On November 21, 2006,
the County filed a Plea to the Jurisdiction alleging that appellants’ claims were
jurisdictionally barred under the Texas Whistleblower Act because the claims were
untimely filed. The trial court denied the County’s Plea on April 16, 2007. In its First
Amended Answer, the County specifically pled that appellants’ claims were barred by
limitations under the Texas Whistleblower Act. The case was tried to a jury and, on
September 17, 2007, the jury returned a verdict awarding Bates $7,713 in back wages and
$10,736 for lost employee benefits and awarding Reynero $7,203 in back wages and
$4,523 for lost employee benefits. The County filed a motion for judgment notwithstanding
the verdict (motion for JNOV) alleging that the evidence presented at trial conclusively
established that appellants’ claims were untimely filed and were, therefore, jurisdictionally
barred or the County was entitled to judgment on its affirmative defense of limitations. The
trial court denied the County’s motion.
          The issue of attorney’s fees was not submitted to the jury. In affidavits submitted
to the trial court, Bates’s counsel requested $89,465 and Reynero’s counsel requested
$69,317.50 as reasonable attorney’s fees. The County responded to appellants’ requests
for attorney’s fees asserting that, under Texas Local Government Code section 89.004(b),
appellants should be ordered to pay the County’s costs of suit, including attorney’s fees,
and that appellant’s requested attorney’s fees were unreasonable under the
circumstances. On December 2, 2007, the trial court entered Final Judgment in
accordance with the jury’s verdict. The Final Judgment also awarded appellants attorney’s
fees in amounts of $15,000 to Bates and $10,000 to Reynero. Appellants moved for new
trial solely on the issue of the award of attorney’s fees, which appears to have been
overruled by operation of law. 
          Appellants timely filed a Joint Notice of Appeal of the award of attorney’s fees in this
matter. The County also timely filed Notice of Appeal. In the order that the issues
presented will be addressed, the County contends that (1) the trial court erred in denying
the County’s motion for JNOV on the basis that appellants’ claims were jurisdictionally
barred or that the evidence conclusively established the affirmative defense of limitations
and (2) the trial court erred in awarding attorney’s fees to appellants and in not awarding
attorney’s fees to the County under Texas Local Government Code section 89.004(b). By
one issue, appellants contend that the trial court erred in awarding appellants only a
fraction of their reasonable and necessary attorney’s fees.
 
Jurisdiction and Limitations
          The County contends that appellants’ claims are jurisdictionally barred or that the
evidence conclusively established the County’s affirmative defense of limitations. The
County sought dismissal of appellants’ claims on the jurisdictional grounds by way of a plea
to the jurisdiction. After the jury reached its verdict, the County, by its motion for JNOV,
again challenged the trial court’s jurisdiction and contended that the evidence conclusively
established the affirmative defense of limitations.
          The County’s jurisdictional challenge contends that appellants’ suits were not timely
filed under the Texas Whistleblower Act and, because timely filing of suit is a statutory
prerequisite to suit, the trial court was without jurisdiction to hear appellants’ claims. See
§ 554.005 (suits under the Whistleblower Act must be filed within 90 days); § 311.034
(statutory prerequisites to suit are jurisdictional requirements in all suits against a
governmental entity). Subject matter jurisdiction is essential to the authority of a court to
decide a case. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993). Subject matter jurisdiction is never presumed and cannot be waived. Id. at 443-44. 
Whether the trial court had subject matter jurisdiction to decide a case is a legal question
subject to de novo review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998). Likewise, issues of statutory construction are reviewed de novo. Tex. Dep’t of
Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002).
          The County’s limitations contention was presented as an affirmative defense


 and
by way of a motion for JNOV. A JNOV motion should be granted when the evidence is
conclusive and one party is entitled to judgment as a matter of law. See Gallas v. Car Biz,
Inc., 914 S.W.2d 592, 593 (Tex.App.–Dallas 1995, writ denied). When the party seeking
to disregard the jury’s finding had the burden of proof on the issue, we, first, must examine
the record for evidence that supports the jury’s finding and ignore contrary evidence. 
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). If there is no evidence to
support the jury’s finding, we then must review the entire record to determine if the contrary
position was established as a matter of law. Id. 
          Both of the County’s contentions are premised on the theory that appellants failed
to timely file their lawsuit in accordance with the requisites of the Texas Whistleblower Act. 
The Texas Whistleblower Act protects a public employee who makes a good faith report
of a violation of law by the employing governmental entity from adverse personnel action,
such as termination or suspension. See § 554.002(a). The Act authorizes the reporting
employee to file suit against the governmental entity and to sue for injunctive relief, actual
damages, court costs, and reasonable attorney’s fees. See §§ 554.003, .0035. However,
unless an applicable grievance procedure applies to the reporting employee, the employee
must file suit within 90 days of when the alleged adverse personnel action occurred or was
discovered by the employee through reasonable diligence. § 554.005. If a grievance
procedure applies to the adverse personnel action, the employee must initiate that
grievance procedure before filing suit. See § 554.006(a). Once an applicable grievance
procedure is initiated, the governmental entity is given 60 days in which to reach a final
decision on the grievance and this time is excluded from the 90 day deadline to file suit. 
See § 554.006(b), (c). 
          In the present case, appellants were terminated by the Department on December
29, 2004. They filed suit against the County on April 7, 2005, 99 days after the adverse
personnel action. Appellants contend that they attempted to initiate the County’s grievance
procedure during the meeting at which they were informed of their termination. However,
they were prevented from so doing by Hanson refusing to discuss the matter. If the
attempts of an employee to comply with the grievance procedure are effectively thwarted
by the governmental entity’s refusal to meet or to discuss the matter, the purposes of the
Whistleblower Act would be frustrated, especially if the governmental entity were allowed
to defend a subsequent suit by claiming that the employee’s claim is barred because the
employee did not first initiate the grievance procedure. See Fort Bend Indep. Sch. Dist.
v. Rivera, 93 S.W.3d 315, 320 (Tex.App.–Houston [14th Dist.] 2002, no pet.). Because
Bates’s and Reynero’s attempts to initiate the grievance procedure in their meeting with
Hanson were thwarted, we conclude that a fact issue was presented regarding whether
appellants initiated the County’s grievance procedure in a manner sufficient to toll the
limitations period of section 554.005. 
          However, the County contends that there was no grievance procedure applicable
to appellants’ complaints and, therefore, even if they attempted to initiate the grievance
procedure in their December 29 meeting with Hanson, their suits were barred because they
were untimely filed. The County’s grievance procedure expressly applies to “employees.” 
The County contends that appellants were no longer employees following their termination
on December 29, 2004 and, therefore, the County’s grievance procedure was inapplicable
to their complaints. In support of its contention, the County cites this Court’s opinion in
Jordan v. Jefferson County, 153 S.W.3d 670 (Tex.App.–Amarillo 2004, pet. denied), for
the proposition that “Implicit in the duty to comply with ‘applicable’ grievance policies
concerning the suspension or termination of employment is the need for the existence of
an applicable policy.” Id. at 673. 
          However, when it is unclear whether an employer has a post-termination grievance
procedure, the terminated employee’s notice to the employer that he believes that an
adverse personnel action was taken against him due to a good faith report of a violation
of law by the governmental entity, if made within 90 days, is sufficient to toll the limitations
period of section 554.005. See Curbo v. State, 998 S.W.2d 337, 341 (Tex.App.–Austin
1999, no pet.); Beiser v. Tomball Hosp. Auth., 902 S.W.2d 721, 724 (Tex.App.–Houston
[1st Dist.] 1995, writ denied).
          Additional actions taken by Bates and Reynero were treated as attempts to initiate
the grievance procedure by the County. For example, in reply to Letters of Grievance sent
by appellants on March 15, Brady Phillips stated that he had “reviewed your grievance and
will deny it because it was not timely filed . . . .” While the timeliness of appellants’ filing
of their grievances was a fact question for the trial court, we construe Phillips’s statement
as, at a minimum, creating uncertainty as to whether the County’s grievance procedure
applied to appellants’ claims.
          The County alternatively contends that, if the County’s grievance procedure applied
to appellants’ claims, appellants failed to initiate each step of the grievance procedure. 
However, it is well settled that the Texas Whistleblower Act no longer requires exhaustion
of the governmental entity’s grievance procedure; rather, it requires that the procedure
merely be initiated and then that the governmental entity be afforded 60 days to resolve
the grievance before suit is filed. See § 554.006(a); Univ. of Tex. Med. Branch at
Galveston v. Barrett, 159 S.W.3d 631, 632 (Tex. 2005); Fort Bend Indep. Sch. Dist., 93
S.W.3d at 319; Castleberry Indep. Sch. Dist. v. Doe, 35 S.W.3d 777, 780 (Tex.App.–Fort
Worth 2001, pet. dism’d w.o.j.). Therefore, appellants’ initiation of the grievance procedure
was sufficient to comply with the requisites of the Texas Whistleblower Act.
          Finally, the County contends that, even if the County’s grievance procedure applied
to appellants’ claims and if appellants timely initiated that procedure, appellants still failed
to file suit within 90 days of the County’s final resolution of those grievances. The initiation
of an applicable grievance procedure tolls the 90 day limitations period under the Texas
Whistleblower Act for the period that the grievance is being acted upon by the
governmental entity or for 60 days. See § 554.006(c); Curbo, 998 S.W.2d at 341; Beiser,
902 S.W.2d at 724. The County’s contention is premised on resolution of the fact issue
regarding whether Hanson’s refusal to discuss appellants’ terminations at the December
29 meeting constituted a “final decision” of the County regarding appellants’ grievances. 
Clearly, the trial court’s rulings on the County’s plea to the jurisdiction and motion for JNOV
gives rise to an implied finding that the County did not reach a final decision on appellants’
grievances at any time before the ninth day


 after the grievance procedure was initiated. 
See Lassiter v. Bliss, 559 S.W.2d 353, 358 (Tex. 1977), overruled on other grounds by,
Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 770 (Tex. 1989) (in the absence of
findings of fact relating to a decision made by the trial court, all factual findings that would
support the ruling are presumed). Further, the County’s actions, specifically its multiple
attempts to reach an agreement with appellants regarding their claims, are inconsistent
with the County having reached a final decision to deny appellants’ grievances.
          Because we conclude that the County has failed to meet its burden to show that the
County’s grievance procedure did not apply to appellants’ claims as a matter of law and
because we will not disturb the trial court’s resolution of the factual questions related to
whether Bates and Reynero timely initiated the County’s grievance procedure and when
the County finally decided those grievances, we overrule the County’s first issue.
 
 
Randall County’s Entitlement to Attorney’s Fees
          By its second issue, the County contends that the trial court erred in awarding
attorney’s fees to appellants rather than awarding attorney’s fees to the County. This
issue, as presented by the County, appears to be an issue of first impression. The County
contends that, because appellants did not recover more as a result of their suit than the
County offered them in settlement of their claims, the trial court was required to assess the
County’s costs of suit against appellants. See Tex. Loc. Gov’t Code Ann. § 89.004(b)
(Vernon 2008). Appellants respond by contending that (1) the County has failed to show
that “costs of suit” include attorney’s fees, (2) the prevailing party’s entitlement to attorney’s
fees under the Whistleblower Act controls over the general presentment provision, and (3)
appellants, in fact, recovered more under the judgment than the County offered them in
settlement of their claims.
          We reject appellants’ third contention. The only way that the judgment could be
read to have awarded appellants a greater recovery than the $23,500.76 the County
offered to Bates and the $16,903.22 the County offered to Reynero is if the award of
attorney’s fees or pre- and post-judgment interest are considered part of the recovery. We
conclude that a construction of section 89.004(b) of the Texas Local Government Code
that would include attorney’s fees and interest as part of the recovery to be compared to
the settlement offer made by the County would defeat the purpose of the statute. See Id. 
Clearly, the purpose of section 89.004(b) is to encourage the County to make legitimate
efforts to settle claims without incurring significant litigation expenses, while also providing
a disincentive to claimants rejecting legitimate settlement offers. See Id.; Essenberg v.
Dallas County, 988 S.W.2d 188, 189 (Tex. 1998). If, as appellants contend, attorney’s
fees and interest are considered to be part of a claimant’s recovery, the claimant would
benefit from rejecting a legitimate settlement offer. We will not construe the statute in a
manner that would produce such an absurd result. See Fleming Foods of Tex., Inc. v.
Rylander, 6 S.W.3d 278, 284 (Tex. 1999).
          The Texas Whistleblower Act provides that the prevailing plaintiff under the Act “is
entitled to sue for . . . reasonable attorney fees.” § 554.003(a)(4). Section 89.004 of the
Texas Local Government Code provides that, before a person may file suit against a
county or an elected county official, the person must present the claim to the
commissioners court. Tex. Loc. Gov’t Code Ann. § 89.004(a). If the commissioners court
offers to settle the plaintiff’s claim for more than the plaintiff ultimately recovers after trial,
the plaintiff shall pay the costs of the suit. Id. § 89.004(b). In the present case, it is beyond
legitimate dispute that the County offered to settle appellants’ claims for an amount greater
than appellants ultimately recovered after trial. As such, the two statutory provisions
discussed in this paragraph would appear to be in conflict when applied to this appeal.
          However, because the compliance with applicable grievance procedures provision
of the Texas Whistleblower Act provides notice to the county of the claims asserted by
plaintiffs, our sister courts have held that the presentment requirement found in Texas
Local Government Code section 89.004(a) does not apply to actions brought under the
Texas Whistleblower Act. See Upton County v. Brown, 960 S.W.2d 808, 819 (Tex.App.–El
Paso 1997, no pet.); Gregg County v. Farrar, 933 S.W.2d 769, 772 (Tex.App.–Austin 1996,
writ denied). Thus, as a necessary precondition to an award of costs of court in favor of
the County does not apply to the claims brought by appellants, we conclude that the
specific remedy provided by subsection (b) of Texas Local Government Code section
89.004 does not apply to appellants’ whistleblower claims. In fact, had the legislature
intended to include a cost shifting provision within the Texas Whistleblower Act, the
existence of such a cost shifting provision in section 89.004 of the Texas Local
Government Code highlights the ease with which the legislature could have done so. But,
since the only provision in the Texas Whistleblower Act that addresses attorney’s fees
provides that the prevailing plaintiff is entitled to sue for reasonable attorney’s fees, we
conclude that the Legislature did not intend to shift costs of court to a prevailing plaintiff,
even if the plaintiff’s recovery following trial was less than the County offered in settlement
of the plaintiff’s claims. 
          The purposes of the Texas Whistleblower Act are to (1) protect public employees
from retaliation by their employer when, in good faith, they report a violation of law, and (2)
secure lawful conduct by those who direct and conduct the affairs of government. City of
New Braunfels v. Allen, 132 S.W.3d 157, 161 (Tex.App.–Austin 2004, no pet.). Because
the Act is remedial in nature, it should be liberally construed to effect its purpose. Id. 
Because one purpose of the Texas Whistleblower Act is to secure lawful conduct by
governmental entities, it is in furtherance of the Act’s purposes to hold that the cost shifting
provision of section 89.004(b) of the Texas Local Government Code does not apply to
successful claims asserted under the Texas Whistleblower Act. 
          Because the presentment requirement of section 89.004 of the Texas Local
Government Code does not apply to claims asserted under the Texas Whistleblower Act
and because application of section 89.004's cost shifting provision would undermine one
of the purposes of the Texas Whistleblower Act, we overrule the County’s second issue.



Award of Attorney’s Fees to Appellants
          Finally, appellants contend that the trial court abused its discretion in awarding
appellants only a fraction of their reasonable and necessary attorney’s fees. Appellants
contend that they established that, through trial, Bates’s reasonable and necessary
attorney’s fees were $89,465 and Reynero’s reasonable and necessary attorney’s fees
were $69,592.50. However, the trial court awarded Bates $15,000 and Reynero $10,000
in attorney’s fees. The County contends that the awards of attorney’s fees were
reasonable in light of the recovery awarded to appellants.
          We review a trial court’s award of attorney’s fees for an abuse of discretion. City
of Houston v. Levingston, 221 S.W.3d 204, 236 (Tex.App.–Houston [1st Dist.] 2006, no
pet.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary
manner or when it acts without reference to any guiding rules or principles. Id. 
          In the present case, appellants’ attorneys each submitted itemized billings and
supporting affidavits to the trial court. This evidence indicated that the law firm
representing Bates had spent 561.7 hours representing her in this matter. Bates’s attorney
sought reimbursement for his time at a rate of $200 per hour and $75 per hour for time
spent on the case by the attorney’s legal assistant. The evidence indicated that the law
firm representing Reynero had spent 520.75 hours on the case. Reynero’s attorney sought
reimbursement for time spent on the case at rates of $250 per hour for Sam Legate, $200
per hour for Michael Wyatt, $150 per hour for Daniela Labinoti, and $50 per hour for their
legal assistants. Thus, the lodestar


 amount of attorney’s fees for Bates was $89,465 and
for Reynero was $69,592.50.



          As prevailing plaintiffs in a whistleblower suit, appellants were entitled to the
recovery of their reasonable attorney’s fees. See § 554.003(a)(4); Levingston, 221 S.W.3d
at 237. To calculate reasonable attorney’s fees, an attorney should multiply the
reasonable number of hours worked by a reasonable hourly rate. See Levingston, 221
S.W.3d at 237. After calculating the lodestar amount, a trial court can adjust the fee
calculation based on factors such as those identified in Texas Disciplinary Rule of
Professional Conduct 1.04, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. (State
Bar Rules, art. X, § 9). One of these factors is the amount involved and the results
obtained. Tex. R. Prof. Conduct 1.04(b)(4). While the amount of damages recovered
should be considered in calculating an award of attorney’s fees, the court should also
consider the decision’s effect on the law and the purposes for which an award of attorney’s
fees is allowed. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th
Cir. 1974). 
          In the present case, the County contends that appellants’ damages were essentially
liquidated before this case even began. The County argues that the most that appellants
could have reasonably expected to recover from their suit was lost wages and lost
employee benefits. These amounts could be calculated with reasonable certainty. As a
result, the County contends that the amount of attorney’s fees requested by appellants is
not reasonably related to the results obtained and that the trial court did not abuse its
discretion in decreasing its award of attorney’s fees to an amount reasonably related to the
results obtained.



          While we understand the County’s contention and may generally agree with it, we
nonetheless conclude that the trial court abused its discretion in awarding appellants such
a small fraction of their reasonable attorney’s fees. First, there is no evidentiary basis for
the trial court’s attorney’s fee awards of $15,000 to Bates and $10,000 to Reynero. It
appears that the trial court simply chose these numbers arbitrarily as there is no logical
basis for these awards reflected in the record. Further, there is evidence in the record that
the County’s attorneys and staff worked on this case for 1,066.45 hours resulting in
attorney’s fees of $172,215.25. Clearly, applying the County’s contention above, there is
no reasonable basis for the attorneys representing the County to have incurred a
$172,215.25 bill on a case that could have been reasonably liquidated to entitle appellants
to approximately $30,000 in damages. Further, the record reflects that appellants incurred
certain expenses as a result of a continuance requested by the County on the morning that
trial was scheduled to begin. Even if appellants should have considered the likely recovery
from their claims in determining the extent of trial work that should have been done in this
case, such unexpected happenings as the granting of a continuance on the morning of trial
would certainly throw those estimates off and would justify, if not necessitate, additional
work and expenses than was initially planned. 
          Finally, and as discussed more fully above, one of the purposes of the Texas
Whistleblower Act is to secure lawful conduct by those who direct and conduct the affairs
of government. Allen, 132 S.W.3d at 161. To that end, the purposes of the Act are
advanced if the wrongdoing governmental entity must pay a successful whistleblower
plaintiff’s reasonable attorney’s fees. As such, while the results obtained by appellants
were a proper consideration for the trial court, the trial court should also balance that factor
with the effect that its awards of attorney’s fees would have on the law. Clearly, an award
of attorney’s fees to a successful whistleblower plaintiff that is less than 17 percent of the
lodestar amount of fees incurred by the plaintiff could have a chilling effect on future
whistleblowers’ willingness to bring suit, which, in turn, would frustrate the purposes of the
Act.
          While we conclude that the trial court abused its discretion in its award of attorney’s
fees in this case, we neither express nor imply any opinion as to what we would consider
to be an appropriate award of attorney’s fees in this case. 
          For the foregoing reasons, we sustain appellants’ sole issue.
Conclusion
          Having overruled the County’s two issues and sustained appellants’ sole issue, we
reverse the trial court’s award of attorney’s fees and remand only that issue to the trial
court for further proceedings. See Lubbock County v. Strube, 953 S.W.2d 847, 858
(Tex.App.–Austin 1997, pet. denied). In all other respects, we affirm the judgment of the
trial court.
 
                                                                           Mackey K. Hancock

                                                                                     Justice





 

Pirtle, J., concurring and dissenting.