THE UNIVERSITY OF HOUSTON,
John Bear, and Don Guyton,
Appellants,

v.

Don ELTHON, Appellee.

No. 14–99–00198–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 2, 1999.

Robert B. O'Keefe, Austin, for appellants.

J. W. Beverly, B. Edward Wiliamson, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## O P I N I O N

MAURICE E. AMIDEI, Justice.

Appellants, The University of Houston (U of H), John Bear, and Don Guyton, appeal the trial court's denial of their motion to dismiss for lack of jurisdiction. Appellants filed an interlocutory appeal pursuant to section 51.014 of the Texas Civil Practices and Remedies Code claiming two points of error. In point of error one appellant asserts that the trial court erred in overruling appellants' motion to dismiss for lack of jurisdiction because respondent did not initiate action under the grievance or appeal procedures of U of H as required under the Texas Whistleblower Act, section 554.001 of the Texas Government Code. In point of error two appellant asserts that the trial court erred in overruling appellants' motion to dismiss for lack of jurisdiction because respondent did not timely initiate action under the grievance or appeal procedures of U of H as required under the Texas Whistleblower Act. We overrule appellants' points of error and affirm the trial court's order denying appellants' motion to dismiss for lack of jurisdiction.

## I. BACKGROUND

Don Elthon is a U of H chemistry professor. While chairman of the chemistry department, Dr. Elthon uncovered instances of what he believed to be inappropriate practices by faculty members. He believed that the faculty had 1) filed a fraudulent insurance claim, 2) laundered research grant funds for improper use, and 3) filed false requests for reimbursement of expenses. Dr. Elthon reported his concerns to Dr. Bear, the Dean of the College of Natural Sciences and Mathematics. After Dr. Bear did not take action with respect to these matters, Dr. Elthon reported the violations to U of H authorities. Dr. Elthon claims this caused appellants to retaliate against him for having complained about the conduct of his colleagues.

Dr. Elthon then wrote to Dr. John Ivancevich, Provost of U of H, detailing his grievances. Dr. Ivancevich referred the complaint to Dr. Valias, asking Valias to conduct a review of the issues in compliance with the U of H Ethical Conduct in Academic Research and Scholarship (ECARS) guidelines. Dr. Elthon later complained of further acts of retaliation, including Dr. Bear's failure to recommend Dr. Elthon for a raise. Dr. Ivancevich agreed with Dr. Bear's assessment and concluded that Dr. Elthon did not merit a raise.

In response to these new allegations, Dr. Ivancevich set up a committee to look into Dr. Elthon's claims of retaliation. The committee did not finish its work because U of H retained a private auditing firm to look into the allegations of improper conduct against Dr. Elthon's colleagues. Dr.

Ivancevich incorrectly believed that the accounting firm would investigate the allegations of retaliation, as well. However, the scope of the accounting firm's investigation did not include the allegations of retaliation.

Dr. Elthon ultimately resigned as chairman of the chemistry department. Unsatisfied with the manner in which his complaints were handled, Dr. Elthon decided to bring this suit under the Texas Whistleblower Act.

## II. APPELLATE JURISDICTION OVER INTERLOCUTORY APPEAL

■ To begin, we must address the issue of our jurisdiction over this interlocutory appeal. Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides that an appeal may be taken from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in section 101.001 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1999). Section 101.001(3) defines the term "governmental unit" as:

(A) this State and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

(C) an emergency service organization; and

(D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution. TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3) (Vernon Supp.1999).

This definition does not include employees or officials of governmental units. *See id.; Dallas County Community College Dist. v. Bolton,* 990 S.W.2d 465, (Tex.App.-Dallas 1999, no pet.). We strictly construe statutes authorizing interlocutory appeals. *Dallas County Community College Dist.,* 990 S.W.2d at 467; *America Online, Inc. v. Williams,* 958 S.W.2d 268, 271 (Tex. App.-Houston [14th Dist.] 1997, no pet.).

■ We conclude we have jurisdiction over the interlocutory appeal brought by U of H under the definition of "governmental unit" provided in § 101.001(3). However, strictly construing § 101.001(3), we conclude John Bear and Don Guyton are not a "governmental unit" as that term is defined. *Dallas County Community College Dist.,* 990 S.W.2d at 467. Therefore, we do not have jurisdiction over Dr. Bear's and Mr. Guyton's interlocutory appeal under section 51.014(a)(8), and we dismiss their interlocutory appeal for want of jurisdiction.

## III. POINT OF ERROR ONE

■ The Whistleblower Act requires that an employee "must initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter." TEX. GOV'T CODE ANN. § 554.006(a) (Vernon Supp.1999). Appellants assert that U of H set up a grievance procedure in the faculty handbook which was expressly designed to be utilized in connection with employment grievances related to suspension, termination, or adverse personnel action. Appellants claim that when Dr. Elthon complained under ECARS

guidelines, he did not initiate action under the proper grievance or appeal procedures as required by § 554.006(a). Thus, it is appellants' contention that because Dr. Elthon did not comply with the Whistleblower Act, the trial court does not have subject matter jurisdiction to hear this case. We disagree.

**A. Standard of Review.** A plea to the jurisdiction is the vehicle by which a party contests the trial court's authority to determine the subject matter of the cause of action. *State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.-Corpus Christi 1989, writ denied). It is a dilatory plea whose purpose is to defeat the cause of action without defeating the merits of the case. *See Cox v. Klug,* 855 S.W.2d 276, 279 (Tex.App.-Amarillo 1993, no writ). The plaintiff bears the burden of alleging facts that affirmatively show the trial court has subject matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). Because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

**B. Discussion:** Before addressing the merits of point one, we note the respondent alleges that appellants' motion to dismiss is, in essence, a motion for summary judgment. Because there is normally no interlocutory appeal from the denial of a motion for summary judgement, respondent urges this court to dismiss the appeal for lack of jurisdiction. We disagree and conclude that appellants' motion to dismiss for lack of jurisdiction is a plea to the jurisdiction. A pleading must be judged by its substance. *See* Tex.R.Civ.P. 71; *Austin Neighborhoods Coun. v. Bd. of Adjust.,* 644 S.W.2d 560, 565 (Tex.App.-Austin 1982, writ ref'd n.r.e.). Its substance is determined by what effect it will have on the proceeding if granted. *Austin Neighborhoods Coun.,* 644 S.W.2d at 565. It is obvious from appellants' pleadings

that they were challenging the jurisdiction of the court.

Appellants claim that respondent did not initiate action under the grievance or appeal procedures of U of H as required by Tex. Gov't Code Ann. § 554.006(a). In his second amended original petition, respondent states that he had repeatedly informed senior administrators at U of H of the retaliation against him and that they did nothing substantive to end it. Further, respondent asserts that U of H has "refused to investigate [respondent's] claim that he was being retaliated against in violation of the UH policy of Ethical Conduct of Scientific Research and Scholarship." The question thus becomes whether this satisfies the requirements of § 554.006(a). Both the appellants and the respondent submitted lengthy briefs and evidentiary materials to this court. However, when considering a plea to the jurisdiction, we must look solely to the allegations in the petition. *Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex. App.-Austin 1994, writ denied).

The Texas Whistleblower Act is remedial in nature and should be liberally construed. *Hockaday v. T.D.C.J.,* 914 F.Supp. 1439, 1443 (S.D.Tex.1996). When deciding a plea to the jurisdiction, the general rule is the trial court must look to the allegations in the petition and must accept those allegations as true. *See Firemen's Ins. Co. v. Board of Regents of Univ. of Tex. Sys.,* 909 S.W.2d 540, 541 (Tex.App.-Austin 1995, writ denied). The trial court does not look at the merits of the case. *See Huston v. Federal Deposit Ins. Corp.,* 663 S.W.2d 126, 130 (Tex.App.-Eastland 1983, writ ref. n.r.e.). An appellate court must construe the pleadings in favor of the plaintiff and look to the pleader's intent. *See Tex. Ass'n of Bus.,* 852 S.W.2d at 446. If the petition fails to allege jurisdictional facts, the plaintiff has a right to amend before the trial court dismisses the cause. *Id.* Dismissing a cause of action for lack of subject matter

jurisdiction is proper only when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Liberty Mut. Ins. Co.,* 874 S.W.2d at 739.

Taking respondent's allegations as true, they are sufficient to show that respondent initiated action under the grievance procedures of the employing state entity. Respondent made his grievances known to senior administrators at U of H and presented his claim under the U of H policy of Ethical Conduct of Scientific Research and Scholarship. Construing the pleadings in respondent's favor and looking to his intent, we conclude that the district court correctly denied appellant's plea to the jurisdiction. In the absence of any pleading by appellants that respondent's allegations were fraudulently made to confer jurisdiction where it would not otherwise exist, we must take respondent's petition as true for the purpose of determining jurisdiction, regardless of the truth of such allegations. *See Corsicana Indep. Sch. Dist. v. Corsicana Venetian Blind Co.,* 270 S.W.2d 296, 297 (Tex.App.-Waco 1954, no writ). Accordingly, we conclude the trial court did not err in denying appellants' motion to dismiss for lack of jurisdiction. We overrule appellants' first point of error.

## IV. POINT OF ERROR TWO

The Texas Whistleblower Act includes a statute of limitations. *See* TEX. GOV'T CODE ANN. §§ 554.005, 554.006 (Vernon Supp. 1999). In point of error two, appellants contend that respondent did not timely initiate action under the grievance or appeal procedures of U of H before initiating this litigation. Appellants maintain that respondent did not meet the statutory time requirement and that therefore, the trial court erred in denying appellants' motion to dismiss for lack of jurisdiction.

**A. Discussion:** Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998). The legislature determines, by statute, whether a particular type of pretrial ruling may be appealable before a final judgment is rendered. We strictly construe those statutes authorizing interlocutory appeals. *See America Online, Inc.,* 958 S.W.2d at 271. Section 51.014 of the Texas Civil Practice and Remedies Code specifically allows appeal of some interlocutory orders. This appeal comes to us based on a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1999).

Appellants raise the statute of limitations as reasons for dismissing this suit. *See* TEX. GOV'T CODE ANN. §§ 554.005, 554.006 (Vernon Supp.1999). There exists a long line of cases demonstrating that a motion for summary judgment is the proper avenue for raising the statute of limitations defense under the Texas Whistleblower Act. *See Rhodes v. City of Plano,* 991 S.W.2d 479, (Tex.App.-Fort Worth 1999, no pet.); *Anders v. Weslaco Independent School Dist.,* 960 S.W.2d 289, (Tex.App.-Corpus Christi 1997, no pet.); *Turner v. Richardson Indep. School Dist.,* 885 S.W.2d 553, 560 (Tex.App.-Dallas 1994, writ denied); *Hockaday v. T.D.C.J.,* 914 F.Supp. 1439, 1444 (S.D.Tex.1996); *see also Beiser v. Tomball Hosp. Authority,* 902 S.W.2d 721, 724–25 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (citing HOUSE COMM. ON LABOR AND EMPLOYMENT RELATIONS, BILL ANALYSIS, H.B. 1405, 71st Leg., R.S. (1989)). The statute of limitations constitutes an affirmative defense and is not basis for sustaining a plea to jurisdiction. *See* TEX.R. CIV. P. 94. Affirmative defenses are pleas in bar, and do not provide a justification for summary dismissal on the pleadings. *Kelley v. Bluff Creek Oil Company,* 158 Tex. 180, 309 S.W.2d 208, 214–15 (1958); *Union Pacific Fuels, Inc. v. Johnson,* 909 S.W.2d 130, 134 (Tex.App.-Houston [14th Dist.] 1995, no writ); *State v. Narvaez,* 900 S.W.2d 846, 847 (Tex.App.-

Corpus Christi 1995, no writ). Because the proper method for asserting appellants' statute of limitations defense is in a motion for summary judgment, we overrule appellants' second point of error and affirm the judgment of the trial court.

Justice WITTIG concurs in result only.