Affirmed and Opinion filed June 6, 2002









Affirmed
and Opinion filed June 6, 2002.

 




 
 
 
  
 
 
 




 

 

 

 

 

 

 

In The

 

Fourteenth
Court of Appeals

____________

 

NO.
14-01-00457-CV

____________

 

DON ELTHON, Appellant

 

V.

 

THE UNIVERSITY OF HOUSTON,
Appellee

 



 

On
Appeal from the 281st District Court

Harris County, Texas

Trial
Court Cause No. 96-36787

 



 

O
P I N I O N








This
is the second appeal in this Whistleblower Act case.  While employed as a chemistry professor at
the University of Houston, Dr. Don Elthon alleged
that he reported improper or illegal activities by other faculty members, and
suffered retaliatory treatment as a result. 
In an earlier interlocutory appeal, we affirmed the trial court=s
denial of the University=s plea to the jurisdiction, finding he had pleaded compliance
with the grievance requirements of the statute. 
See Tex. Gov=t Code Ann. '' 554.006(a); University of Houston v. Elthon,
9 S.W.3d 351 (Tex. App.CHouston [14th Dist.] 1999, pet. dism=d
w.o.j.).  The
case then proceeded to trial, and the jury found all issues in favor of the
University of Houston.  On appeal, Elthon blames this result on improper evidence and jury
instructions. 

                                                 The
Jury Instruction: Causation

In
his first issue, Elthon asserts the trial court=s
instruction required him to prove his whistleblowing
was the Asole
cause@
of the University=s retaliatory actions. 
The court=s jury question began:

Did
the University of Houston retaliate against Dr. Don Elthon
because of his good faith report of a violation of law, if any, to an
appropriate law enforcement agency?

An
employer Aretaliates@
against an employee when the employer:

(1)       takes an adverse employment action
against an employee that effects [sic] an employee=s
compensation, promotion, demotion, work assignment or performance evaluation;
and 

(2)       the adverse employment action would not
have occurred when it did had the report not been made B
that is, but for the report, the adverse employment action would not have
occurred.

Elthon requested the trial court to submit an instruction to the jury
that he did not have to prove that his report was the sole cause of the alleged
retaliation.  The trial court refused.

In Texas Department of Human Services v. Hinds, 904
S.W.2d 629, 637 (Tex. 1995), the Texas Supreme Court construed the somewhat
ambiguous Abecause@ standard in the whistleblower statute to require the following
jury instruction:

An
employer does not discriminate against an employee for reporting a violation of
law, in good faith, to an appropriate law enforcement authority, unless the
employer=s
action would not have occurred when it did had the report not been made.








As can be seen, the Court did not require the Anot
sole cause@ instruction requested by Elthon.  The jury charge given here substantially
complies with the instruction required by Hinds.  The trial court=s addition of the Abut for@ clause did not alter the standard; it merely incorporated the
general definition of cause-in-fact.  See
Lee Lewis Const., Inc. v. Harrison, 70 S.W.3d 778, 784 (Tex. 2001) (noting
test for cause‑in‑fact is whether (1) it was a substantial factor
(2) without which harm would not have occurred); see also Texas Natural
Resource Conservation Com'n v. McDill,
914 S.W.2d 718, 724 (Tex. App.CAustin 1996, no pet.) (construing Hinds to require Abut
for@
instruction).[1]  

Elthon contends that the Hinds standard was overruled in Quantum
Chemical Corporation v. Toennies, 47 S.W.3d 473
(Tex. 2001).  But the statute
there only required proof that age discrimination Awas
a motivating factor@ of an employment practice. 
See Tex. Lab. Code Ann.
'
21.125(a).  This is simply a different
statutory standard.  The first point of
error is overruled. 

                                          The
Jury Instruction: Law Enforcement

In his second point, Elthon asserts
the trial court should have submitted his proposed jury instruction defining Alaw
enforcement authority@ in the same jury question. 
The court=s instructions stated:

A
Alaw enforcement
authority@ means a
federal, state, or local government entity that the employee believes in good
faith is authorized to (1) regulate under or enforce the law alleged to be
violated in the report; or (2) investigate or prosecute a violation of the
criminal law.

Elthon submitted the following alternative:           

A
Alaw
enforcement authority@ means a federal, state, or local government entity that the
employee believes in good faith is authorized to: (1) regulate under or enforce
the law alleged to be violated in the report; (2) investigate or prosecute a
violation of the criminal law; (3) inquire into the lawfulness of the conduct
in question and cause its cessation if the conduct appears to be a violation of
law; or (4) take remedial action with respect to the alleged violation of law.








The trial court=s definition was based on a 1995 amendment to the Whistleblower
Act.  Elthon=s
definition summarized pre-1995 caselaw,[2]
as the term Alaw enforcement authority@ was not defined before the 1995 amendment.

But the Legislature provided that the 1995 amendment was to
apply to Aadverse personnel action taken against a public employee on or
after the effective date of this Act.@ Act of May 25, 1995, 74th Leg., R.S., ch. 721, ' 11, 1995 Tex. Gen. Laws 3814, 3815.  Although Elthon
made his reports before the effective date, he concedes the University=s
actions took place afterwards.  Thus, the
amendment applies, and the trial court=s definition was correct. See Texas Dept. of Transportation
v. Needham, 45 Tex. Sup. Ct. J. 631, 2002 WL 924463 *5 (May 9, 2002)
(holding as reversible error use of pre-amendment case law to expand statutory
definition of Aappropriate law enforcement authority@).  The second point of error is overruled.

                                                    The
Prior Academic Dispute

In his third point, Elthon alleges
the trial court erred in allowing Dr. John Casey to testify about several prior
disputes between them.  Elthon argues that their differences B
which culminated in Elthon filing charges against Dr.
Casey with the University B were introduced to suggest a habit of using reports of
misconduct as a weapon rather than a good faith effort to stop illegal
conduct.  See Tex. R. Evid. 404(b).








The University argues the evidence was necessary to rebut Elthon=s assertion that he was a Arising star@ destined to be a dean, provost, and even president of a major
university.  We agree that past conflicts
with those who could object to his further advancement were relevant. See
Hinds, 904 S.W.2d 629, 632 (discussing employer=s
arguments that employee was fired for reasons unrelated to whistleblower
report, such as inability to get along with supervisors).  Elthon did not
object to the part of the evidence that he says was particularly prejudicial B
the filing of charges.  By failing to
seek a limiting instruction, he has waived error.  See Tex.
R. Evid. 105.

Moreover, Elthon testified to these
same matters without objection during his cross-examination earlier in the
trial.  Therefore, Dr. Casey=s
testimony was merely cumulative, and thus its admission (even if erroneous) was
harmless.  See McCraw
v. Maris, 828 S.W.2d 756, 762 (Tex. 1992).  We overrule the third point.

                                                                    The
Letters

In his fourth point, Elthon asserts
the trial court should not have admitted three letters suggesting his report of
an inflated insurance claim was factually incorrect.  Elthon reported
another University employee, Dr. Karl Kadish, for
allegedly filing inflated insurance claims for laboratory chemicals and
equipment lost during a flood.  According
to Kadish, he based his insurance claims on the
letters, which gave estimates of the cost to replace the lost chemicals. 

At Elthon=s
request, the trial court admitted the letters with a limiting instruction that
they were Aadmitted not for the truth of matter asserted therein, but
rather that the information was provided to the witness and the witness formed
whatever belief the witness may have formed@ regarding the information. 
The limiting instruction negated Elthon=s
hearsay objection.  See First Heights
Bank, FSB v. Gutierrez, 852 S.W.2d 596, 615 (Tex. App.CCorpus
Christi 1993, writ denied) (holding jury is generally presumed to follow
limiting instruction).  The fourth point
of error is overruled.

The
judgment of the trial court is affirmed.

 

 

/s/        Scott Brister

Chief
Justice

 

Judgment rendered and Opinion filed June 6, 2002.

Panel consists of Chief Justice Brister
and Justices Anderson and Frost.

Do Not Publish C Tex. R. App. P.
47.3(b).











[1]  Elthon argues in hindsight that the jury was Aobviously confused@ by the
wording of this jury question. Nothing in the record supports this argument,
nor did Elthon raise any objection at trial
suggesting the question would be Aconfusing
to the jury.@ 





[2]  See,
e.g., City of Dallas v. Moreau, 697 S.W.2d
472, 474 (Tex. App.CDallas 1985, no
writ); Travis County v. Colunga, 753 S.W.2d
716, 719-20 (Tex. App.CAustin 1988,
writ denied); Castenada v. Texas Department
of Agriculture, 831 S.W.2d 501, 503 (Tex. App.CCorpus
Christi 1992, writ denied).