Opinion of June 27, 2002 Withdrawn; Affirmed and Revised Majority
Opinion, and Concurring Opinion filed August 15, 2002









Opinion of June 27, 2002 Withdrawn; Affirmed and
Revised Majority Opinion, and Concurring Opinion filed August 15, 2002.




 
 
 
  
 
 
 




 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00721-CV

____________

 

FORT BEND INDEPENDENT SCHOOL DISTRICT, Appellant

 

V.

 

THELMA R. RIVERA, Appellee

 



 

On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 01-CV-117729

 



 

R
E V I S E D   M A J O R I T Y   O P I N I O N

On
our own motion, we withdraw our opinion issued June 27, 2002, and substitute
the following opinion. 

Appellant,
Fort Bend Independent School District (Fort Bend ISD), appeals the trial court=s interlocutory order denying its
plea to the jurisdiction, claiming that appellee, Thelma Rivera, failed to
exhaust her administrative remedies before filing her whistle-blower action in
district court.  The two issues the
parties have presented to us are (1) did Rivera have to exhaust the grievance
procedure or merely initiate it, and (2) when did Rivera initiate the grievance
procedures.  We affirm.

Factual and Procedural History

Rivera
was employed as a clerk by Fort Bend ISD for two years.  In August 2000, she was transferred to
Goodman Elementary School where her duties included enrollment procedures and
keeping daily attendance records.  Rivera=s petition and affidavit allege that
in September 2000, her direct supervisor, Principal Mercedes Wilson-Everett,
falsified enrollment documents for her niece and one other employee=s child so the children could attend
the school.  When Rivera discovered this,
she notified Wilson-Everett that she had violated the law.[1]  

On
November 3, Rivera reported the infractions to personnel in the Human Resource
Department (Human Resources).  Several
days later, she again contacted Human Resources and requested a transfer
because she was being treated differently, presumably in retaliation for her
disclosure of the falsification.  Then,
on November 8, the falsified records were removed from Rivera=s files without her knowledge, and
she contacted Human Resources to find out why the two students= files were missing.  She was told that the files had not been
requested by Fort Bend ISD administration but the problem would be
investigated.  Rivera was never given an
explanation for the files= disappearance.  On
November 9, all student files were removed from Rivera=s office.  This action prevented Rivera from performing
her duties.








After
November 8, Rivera made several attempts to meet with Wilson-Everett to
initiate the proper “Level One” grievance procedures under Fort Bend ISD
policy.[2]  Each time, however, Rivera was told by
Wilson-Everett=s assistant that she was unavailable
or that her door was locked and she would not respond. 

On
November 27, Rivera contacted Human Resources for advice because all requests
to meet with her direct supervisor had been refused.  Rivera was not apprised of the proper
procedures under the written Fort Bend ISD guidelines, but rather, she was
advised by Human Resources to “think about quitting.”  Confused, Rivera asked her daughter for help.
Rivera=s daughter found a grievance
procedure form on the Fort Bend ISD website. 
She then contacted Human Resources for directions in filing a
whistle-blower grievance against a direct supervisor because Wilson-Everett was
Rivera=s direct supervisor.  Rivera=s daughter was told that the
grievance should not be submitted to Wilson-Everett, but to Rivera=s “Level Two” supervisor,
Superintendent Mel Crafter.  Accordingly,
Rivera hand-delivered a written grievance to Crafter=s office on November 28.  On the same day, Wilson-Everett fired Rivera
for poor job performance.  Just two days
later, Crafter informed Rivera that her written grievance had been improperly
filed with him and should have been filed with Wilson-Everett.  Rivera ultimately “re-submitted” her written
grievance (initially filed with Crafter) to Wilson-Everett on February 15,
2001.[3]


The Statute








The
whistle-blower act provides that “a state or local governmental entity may not
suspend or terminate the employment of, or take other adverse personnel action
against, a public employee who in good faith reports a violation of law by the
employing governmental entity or another public employee to an appropriate law
enforcement authority.”  Tex. Gov=t Code Ann. ' 554.002(a) (Vernon Supp. 2002).  Before an employee files suit in district
court, the act requires the employee to initiate the grievance or appeal
procedures of the employing state or governmental entity.  Tex.
Gov=t Code Ann. ' 554.006(a) (Vernon Supp. 2001).  The employee must initiate the grievance
procedures within 90 days after the alleged violation occurred.  Id. ' 554.006(b).  If the employer does not render a decision within 60 days from the date the employee
initiated the grievance, the employee may file suit in district court.  Id. ' 554.006(d).

The apparent purposes underlying the act are to
protect public employees from retaliation by their employers for reporting
violations of law in good faith and to secure lawful conduct from those who
direct and conduct the affairs of public bodies.  Housing Auth. v. Lopez, 955 S.W.2d 152, 160 (Tex. App.CAustin
1997, no pet.).  But the Legislature also
intended to afford the governmental entity an opportunity to correct its errors
by resolving disputes before facing litigation, as the expense of litigation is
borne ultimately by the public.  University
of Tex. Med. Branch v. Hohman, 6 S.W.3d 767, 774 (Tex. App.CHouston [1st Dist.] 1999, pet. dism=d w.o.j.); City
of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 753 (Tex. App.CAustin 1998, no pet.).  The act
encourages compliance through informal processesCvoluntary
resolution, conference, conciliation and persuasionCrather than
litigation.  Gregg County v. Farrar,
933 S.W.2d 769, 773 (Tex.
App.CAustin 1996, writ denied) (citing Schroeder
v. Tex. Iron Works, Inc., 813 S.W.2d 483, 486 (Tex.1991)).

 

Standard of Review








We
review a trial court=s ruling on a plea to the jurisdiction under a de novo
standard of review.  Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); Univ. of Houston v. Elthon,
9 S.W.3d 351, 355 (Tex. App.CHouston
[14th Dist.] 1999, pet. dism=d
w.o.j.).  A party contests the trial
court=s authority
to determine the subject matter of a cause of action through a plea to the
jurisdiction.  Elthon, 9 S.W.3d at 355.  Subject-matter jurisdiction is essential to a
court=s power to decide a case, and it is
determined from the good-faith factual allegations contained in the plaintiff's
pleadings.  Texas Ass’n
of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  A court may also consider other relevant
evidence, and must do so when necessary to resolve the jurisdictional issues raised.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  Because the whistle-blower act is remedial
in nature, it should be liberally construed in favor of jurisdiction.  See Peek v. Equip. Serv. Co., 779
S.W.2d 802, 804 (Tex. 1989); Elthon, 9 S.W.3d at 355.

The plaintiff bears the burden of alleging facts
affirmatively demonstrating the trial court=s
jurisdiction to hear a case.  Texas
Ass=n of Bus., 852
S.W.2d at 446.  These factual allegations
are construed in favor of the plaintiff, and we look to the pleader=s
intent.  Horizon/CMS Healthcare Corp.
v. Auld, 34 S.W.3d
887, 892 (Tex. 2000); Texas Ass=n of Bus., 852
S.W.2d at 446.  That is, a trial court
must accept the allegations in the petition as true, unless the defendant
pleads and proves that they were fraudulently made to confer jurisdiction.  Bland, 34 S.W.3d at 554 (explaining
that when a defendant argues the amount in controversy is below the court’s
jurisdictional limit, the plaintiff’s pleadings are determinative unless the
defendant specifically alleges that the amount was fraudulently pleaded for the
purpose of wrongfully obtaining jurisdiction); Elthon, 9 S.W.3d at 355-56; Curbo v. State,
998 S.W.2d 337, 341-42 (Tex. App.CAustin 1999, no pet.).

Discussion and Holding

Fort
Bend ISD claims that Rivera did not exhaust her administrative remedies as
required under the act because she allegedly initiated grievance procedures
less than a week before she filed suit. 
As a result, Fort Bend ISD claims the trial court lacks subject-matter
jurisdiction.  

The
two issues the parties have presented to us are (1) did Rivera have to exhaust
the grievance procedure or merely initiate it, and (2) when did Rivera initiate
the grievance procedures. For the reasons set forth below, we hold that the
statute does not require exhaustion of the grievance procedure, it requires
initiation, and Rivera properly initiated grievance procedures and waited more
than sixty days to sue.  








As
to the first issueCinitiation versus completionCthe 1995 amendments to subsection (a)
show the fallacy in Fort Bend ISD=s argument.  See Act of May 22, 1993, 73rd Leg.,
R.S., ch. 268, ' 1, 1993 Tex. Gen. Laws 583, 610, amended by Act of
June 15, 1995, 74th Leg., R.S., ch. 721, ' 6, 1995 Tex. Gen. Laws 3812, 3813; Tex. Gov=t Code Ann. ' 554.006(a) (Vernon Supp. 2002).  Apparently, to clarify the procedural
requirements under the act and promote a liberal construction of the statute,
the Legislature replaced the word “exhaust” with the word “initiate.”  City of San Antonio v. Marin, 19
S.W.3d 438, 441 (Tex. App.CSan Antonio 2000, no pet.). 
However, even before this change was made, the courts did not interpret
the clause to require exhaustion.  See
id. (“Exhaustion, in the literal sense of the word, is not required under
the statute.”).  Thus, as to the
very narrow issue of whether the statute requires exhaustion of the grievance
process or only initiation of the process, we hold it requires initiation.[4]  

Our
next issue concerns when Rivera initiated the grievance procedure.  Fort Bend ISD claims she did not initiate
until February 15, 2001; Rivera claims she initiated grievance procedures in
early November of 2000.  We agree with
Rivera.

To
reiterate, an employee under Fort Bend ISD=s grievance policy “shall meet with
the principal or immediate supervisor . . . [and] at this meeting, the employee
shall submit the grievance in writing on a form provided by the District.”  Taking Rivera=s allegations as true, as we must,
they are sufficient to show that Rivera timely and properly initiated the
grievance procedures pursuant to Fort Bend ISD=s policy because she diligently
requested several “Level One” meetings with Wilson-Everett.  See Elthon, 9 S.W.3d at 356 (holding
that public employee=s repeated reports to university administrators of colleagues= violations of ethical conduct was
sufficient to show that respondent properly initiated the grievance procedures
as required by the whistle-blower act). 
Not being successful at meeting with her “Level One” supervisor, she
then sought assistance with the district on what she should do next.  She was told to go to the District
Superintendent, which she did.  








If
the attempts by an employee to comply with the entity=s grievance procedures were
effectively thwarted by the entity=s refusal to meet, the purpose of the
statute would be frustrated, particularly if the entity was allowed to proclaim
that the employee did not exhaust her administrative remedies under the
Act.  Fort Bend ISD cannot, on the one
hand, refuse to meet with an employee as required by the policy, and then, on
the other hand, complain that the employee failed to follow the policy.  See id. 

We
also note that our holding falls within well-settled precedent involving
unclear procedures of a governmental entity. 
See Upton County v. Brown, 960 S.W.2d 808, 813-14 (Tex. App.CEl Paso 1997, no pet.) (finding procedures
unclear when employee initiated grievance procedures but supervisor failed to
respond); Beiser v. Tomball Hosp. Auth., 902 S.W.2d 721, 724-25 (Tex.
App.CHouston [1st Dist.] 1995, writ
denied) (holding that procedure was unclear when employee was told to discuss
his termination with a supervisor who never returned his call).  Here, the grievance procedures seem clear on
their faceCunless the supervisor refuses to meet
with the employee as alleged by Rivera. 
Indeed, there is nothing in the policy explaining what to do if one=s “Level One” supervisor refuses to
grant the employee a meeting.  Moreover,
when Rivera repeatedly requested guidance from Human Resources, she was not
informed of any grievance procedures. 
Instead, she was allegedly advised to quit.  And, when Human Resources finally did provide
some guidance to Rivera=s daughter, even that adviceCto proceed to “Level Two”CFort Bend ISD admitted was incorrect,
and thus, entirely unclear.[5]


Courts
of Appeals have held that when an entity=s policy is unclear, a terminated
employee=s claim will not be barred by the
statutory requisites of the whistle-blower act. 
Hohman, 6 S.W.3d at 775; Curbo,
998 S.W.2d at 341(construing the entity=s grievance procedures as
inapplicable to terminated employees); Brown, 960 S.W.2d at 814.  This construction is consistent with the
remedial purpose of the statute, and today, we follow this exception.








Finally,
on rehearing, Fort Bend ISD asked this Court to hold that the parties may
engage in discovery to determine whether Rivera=s allegations are true.  Fort Bend ISD claims Rivera=s allegations have created fact issues
that must be addressed before this Court or the trial court can rule on its
plea to the jurisdiction.  Fort Bend ISD
states that it did not engage in any discovery before filing its motion because
it first wanted the trial court to determine if Rivera had met the
jurisdictional prerequisites.  However,
under the case law, the only way that Fort Bend ISD could have prevailed on its
plea is if Rivera=s allegations were not true and fraudulently made to confer
jurisdiction.  Thus, the truth of Rivera=s allegations were in issue from the
outset (from Fort Bend ISD=s perspective) and it should have engaged in discovery from
the beginning.[6]  In short, the burden is on Fort Bend ISD to show that the evidence in the record is
insufficient to confer jurisdiction on the trial court.  See Continental Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996) (noting that in absence of
pleading and proof of fraudulently alleged jurisdictional amount in
controversy, jurisdiction is determined by the averments in the petition);
Mission Consol. Indep. Sch. Dist. v. Flores, 39 S.W.3d 674, 677 (Tex. App.CCorpus Christi 2001, no pet.);
Curbo, 998 S.W.2d at 342.  Fort Bend
ISD has not proffered any such evidence. 








Additionally,
Fort Bend ISD=s issue on appeal was limited.  The gravamen of Fort Bend ISD=s plea to the jurisdiction was that
Rivera had not given it the opportunity to render a final decision on her
grievance within sixty days of the date the grievance was initiated because she
filed suit six days after her February 15th grievance resubmission.  Fort Bend ISD complains that the proper
remedy for a whistle-blower=s failure to complete the grievance process is dismissal for
lack of jurisdiction.  However, as we
have noted, Rivera=s petition and affidavits state that she did initiate the
grievance process and that more than sixty days elapsed between the time of
initiation and filing of suit.  Thus,
because Rivera attempted to initiate the grievance procedure in November of
2000Cwell before the date Fort Bend ISD
relies uponCFort Bend ISD=s contention that she failed to wait
sixty days before filing suit is without merit. 
We therefore overrule this issue.

As
one additional matter, we note that the concurrence finds fault with the
majority for taking Rivera=s allegations as true. 
We would agree with that conclusion if the parties had requested an
evidentiary hearing or if Fort Bend ISD had submitted conclusive evidence on
the jurisdictional question.  However,
that did not happen.  The record contains
no court reporter=s record of an evidentiary hearing or other evidence
submitted by Fort Bend ISD.[7]  

In
considering jurisdictional pleas, an appellate court reviews the pleadings and
any evidence relevant to the jurisdictional issue.  Texas Dep’t of Crim. Justice v. Miller,
51 S.W.3d 583, 587 (Tex. 2001) (citing Texas Natural Resource &
Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001)); Bland,
34 S.W.3d at 555.  We construe the
pleadings liberally in the plaintiff=s favor.  Texas Dept. of Transp. v. Ramirez, 74
S.W.3d 864,867 (Tex. 2002) (per curiam) (citing Texas Ass=n of Bus., 852 S.W.2d at 446); Bland,
34 S.W. 3d at 554B55.  The evidence in
the record is confined to affidavits of Ms. Rivera and her daughter.  The trial court had to consider this
evidence.  Wilmer-Hutchins Indep. Sch.
Dist. v. Sullivan, 51 S.W.3d 293, 294 (Tex. 2001) (reversing court of
appeals= holding that a pleading claiming
exhaustion of administrative remedies was conclusive, despite unchallenged
evidence to the contrary, absent opponent=s allegation that the pleading was
fraudulently made to confer jurisdiction); Bland, 34 S.W.3d at 554-55
(stating a plaintiff=s pleadings are determinative unless the defendant
specifically alleges or establishes that the contrary is true).








In
short, we are constrained to take the record as it is presented to us.  There is no evidence controverting Ms. Rivera=s allegations and her affidavits;
they are taken as true.  Fort Bend ISD=s plea to the jurisdiction was
correctly denied because the record before us establishes she initiated a
grievance procedure and waited at least sixty days before filing suit, thereby
satisfying the requirements for filing a whistle-blower act claim.  See Texas Bd. of Pardons and Paroles v.
Feinblatt, ___ S.W.3d ___, 2002 WL 823420 (Tex. App.CAustin 2002, no pet. h.); Johnson
v. City of Dublin, 46 S.W.3d 401, 403-05 (Tex. App.CEastland 2001, pet. denied).

Conclusion

Our
opinion holds exhaustion was not required based on the pleadings and record
currently before us; Rivera initiated her administrative remedies and waited
more than sixty days from the initial date of her grievance to sue.  As a result, we affirm the denial of Fort
Bend ISD=s plea to the jurisdiction.[8]


 

 

 

 

 

/s/        Wanda McKee Fowler

Justice

 




 

Judgment rendered and Revised Majority Opinion, and
Concurring Opinion filed August 15, 2002.

 

Panel consists of
Chief Justice Brister and Justices Fowler and Seymore.  (Brister, C.J., concurring.)  

 

Publish C Tex.
R. App. P. 47.3(b).








Opinion of June 27, 2002 Withdrawn; Affirmed and
Revised Majority Opinion, and Concurring Opinion filed August 15, 2002.




 
 
 
  
 
 
 




 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00721-CV

____________

 

FORT BEND INDEPENDENT SCHOOL DISTRICT, Appellant

 

V.

 

THELMA R. RIVERA, Appellee

 



 

On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 01-CV-117729

 



 

C O N C U R R I N G   O
P I N I O N 

I think we have gone off track here.  This is not a jurisdictional case.  In Essenburg v. Dallas County, the
Texas Supreme Court distinguished between “exhaustion” and “presentment”
statutes:

$                  
statutes
requiring exhaustion of administrative remedies confer jurisdiction upon
an administrative agency to resolve disputed issues of fact and policy;

$                  
statutes
requiring presentment give a governmental defendant notice of the claim
and an opportunity to settle it without litigation.  








988 S.W.2d 188, 189 (Tex. 1998) (per curiam).  Because of these different purposes, failure
to comply with the former is jurisdictional, but failure to comply with the
latter is not.  Id.

Section 554.006 requires a claimant to initiate but not
complete a grievance.  Thus, it falls
squarely in the presentment category. 
Even assuming Ms. Rivera failed to initiate a grievance, the proper
remedy would be to make her wait the statutory sixty days.  Because that is what the trial court did, I
would affirm, whether or not she properly initiated a grievance.

Treating this issue as jurisdictional merely prolongs this
dispute.  The majority takes Ms. Rivera=s allegations as true today, but that
will no longer be the case if the school district pursues its plea by summary
judgment or at trial.  See Bland
Independent School Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000) (holding
court should hear evidence as necessary to determine subject-matter
jurisdiction).  Will our subject-matter
jurisdiction evaporate if a jury finds Rivera did not make the contacts she
alleges?  This is precisely why the
Supreme Court jettisoned the no-subject-matter-jurisdiction approach to
presentment prerequisites like this one. 
See Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75-76 (Tex. 2000)
(holding compliance with statutory prerequisites should no longer be addressed
as a matter of subject-matter jurisdiction that could render judgment void).

Moreover, treating this issue as jurisdictional defeats the
Legislature=s purpose. Instead of getting sixty
days to try to resolve this case without litigation, the parties have spent
more than a year fighting over what Ms. Rivera did or failed to do.  I do not believe the Legislature intended to
make this a game; the statutory deadlines had a purpose besides tossing
whistleblowers out of court for filing too early.  

I agree with the Court that the trial court did not err.  But I would not keep this ball up in the air
any longer.  Thus, I concur only in the
Court=s judgment.

 

 

/s/        Scott Brister

Chief Justice




 

Judgment rendered and Revised
Majority Opinion, and Concurring Opinion filed August 15, 2002.

Panel consists of Chief Justice
Brister and Justices Fowler and Seymore. 
(Fowler, J. Majority).

Publish C Tex. R. App.
P. 47.3(b).

 











[1]  See Tex. Pen. Code Ann. ' 37.10 (Vernon 1994); Tex. Educ. Code Ann. '
25.001(h) (Vernon 1996).





[2]  The policy
provides in pertinent part: 

 

Level One:         An employee who has a grievance shall
meet with the principal or immediate supervisor within ten days of the time the
employee first knew or should have known of the event or series of events
causing the grievance.  At this meeting,
the employee shall submit the grievance in writing on a form provided by the
District.  

 

Level Two:        If
the outcome of the conference at Level One is not to the employee=s satisfaction, the employee may meet with the
Superintendent or designee within ten days after receiving the response to
discuss the grievance.  The employee
shall give written notice of appeal of the Level One decision on a form
provided by the District.  





[3]  Fort Bend ISD
contends that this Are-submission@ was
Rivera=s first attempt to initiate the grievance procedures,
and thus, because it is dated February 15, and Rivera filed in district court
on February 21, she is not in compliance with the whistle-blower statute and
her suit should be barred.  Nowhere,
however, in Fort Bend ISD=s brief or reply brief, does it address Rivera=s many attempts to properly initiate the grievance
procedures under Fort Bend ISD policy before February 15.  We find this omission misleading. 





[4]  As the issue
is not before us, our conclusion does not address what is required when the
employer has no grievance procedures in place. 






[5]  This exposes
another problem with the policy. It does not explicitly address what is
required of an employee whose direct supervisor is the person of whom she seeks
to complain.  Thus, the procedures were
unclear as applied to Rivera.  





[6]  An assignment
of error raised for the first time in an appellant=s motion for rehearing is too late to be
considered.  Lee v. Lee, 47 S.W.3d
767, 799 (Tex. App.CHouston [14th Dist.] 2001, pet. denied) (citing Washington
v. Walker County, 708 S.W.2d 493, 497 (Tex. App.CHouston [1st Dist.] 1986, writ ref=d n.r.e.).  In
its brief, Fort Bend ISD did not argue that the case should have been dismissed
because there were fact questions preventing Rivera from establishing
jurisdiction as a matter of law.  While
the issue of jurisdiction may be raised by either procedural vehicleCa plea to the jurisdiction or motion for summary
judgmentCFort Bend ISD chose to file a plea to the
jurisdiction.  See Bland, 34
S.W.3d at 554. Therefore, the existence of fact issues is not implicated in our
standard of review.  See id.  Our task is to consider only those issues
presented by the parties.  See Walling
v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993); 
Allright, Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex. 1987)
(holding that it was error for court of appeals to consider unassigned points
of error).





[7]  While the
trial court may hear evidence to flesh out the jurisdictional plea, it is a
matter of discretion with the trial court and, most notably, Fort Bend ISD did
not request such a hearing.  See
Harris County Flood Control Dist. v. Adam, 56 S.W.3d 665, 667 n.4 (Tex.
App.CHouston [14th Dist.] 2001, pet. dism=d w.o.j.).





[8]  In reaching
our holding, we have not had to answer the question whether the failure to wait
sixty days before filing suit deprives the court of jurisdiction or merely
requires abatement.  Had Fort Bend ISD
been correct that Rivera initiated grievance proceedings less than a week
before suing, this issue would have been squarely before us.  However, since Rivera initiated grievance
procedures at least sixty days before filing suit, we do not have to address
the issue.