Rehearing En Banc Granted, Opinion of December 12, 2002, Withdrawn,
Affirmed and En Banc Majority and Dissenting Opinions on R









 

Rehearing
En Banc Granted, Opinion of December 12, 2002, Withdrawn, Affirmed and En Banc
Majority and Dissenting Opinions on Rehearing filed July 31, 2003.

 

 

                                                                                                                                                            

                                                                                                                                                            

                                                                                                                                                            

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00529-CV

____________

 

THE
UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON

d/b/a
JOHN SEALY HOSPITAL (AUTMB@),
Appellant

 

V.

 

KEVIN
BARRETT, M.D., Appellee

 



 

On
Appeal from the 122nd District Court

Galveston
County, Texas

Trial
Court Cause No. 95CV0834

 



 

E N   B A N C  
M A J O R I T Y   O P I N I O N   O N   R E H E A R I N G








Kevin Barrett,
M.D. sued his employer, the University of Texas Medical Branch at Galveston
(UTMB) alleging violations of the Texas Whistleblower Act.[1]  The Act required Dr. Barrett to initiate a
grievance before filing suit.[2]  In a prior interlocutory appeal, we found
there was some evidence he did, albeit imperfectly.[3]

The Act also
required Dr. Barrett to wait 60 days after filing his grievance before filing a
lawsuit.[4]  It is undisputed he did not, waiting only 27
days.  UTMB has again filed an
interlocutory appeal, arguing the trial court should have dismissed the case
for lack of subject-matter jurisdiction because of the premature filing.[5]
A panel of this Court agreed.[6]  We granted Dr. Barrett=s
motion for rehearing en banc, and now reach the opposite conclusion for the
reasons set out below.  Accordingly, we
withdraw our opinion of December 12, 2002, and issue the following as the
opinion of the Court en banc.

First, section
554.0035 of the Whistleblower Act, entitled AWaiver of Immunity,@ is unconditional:

A
public employee who alleges a violation of this chapter may sue the employing
state or local governmental entity for the relief provided by this
chapter.  Sovereign immunity is waived
and abolished to the extent of liability for the relief allowed under this
chapter for a violation of this chapter.








This is all the Whistleblower Act
says about sovereign immunity; there are no other conditions.[7]  Applying the proper standard of review,[8]
we cannot add conditions when the Legislature did not.  A plain reading of the provision shows it is
not Anarrowly
tailored@;[9]
it fits all claims alleged under the chapterCbig or little, early or late. 
Because Dr. Barrett alleged a violation and sought relief allowed by the
Act, sovereign immunity was waived. 

Second, it is
clear that every deadline and procedure found throughout the Act is not
jurisdictional.  For example, the Act
contains its own venue provision,[10]
which the Texas Supreme Court has held is not jurisdictional.[11]  In University of Houston v. Elthon,[12]
we held the Act=s limitations provision (requiring suit within 90 days of a
violation) is a plea in bar that must be raised by motion for summary judgment,
not by a plea to the jurisdiction.[13]  If a claimant must meet every prerequisite in
the Act before sovereign immunity is waived, these cases cannot be correct.

Third, in Essenburg v. Dallas County,[14]
the Texas Supreme Court drew a distinction between Aexhaustion@
and Apresentment@
statutes:

$                  
statutes
requiring exhaustion of administrative remedies confer primary
jurisdiction upon an administrative agency; failure to comply requires
dismissal for want of jurisdiction.

$                  
statutes requiring presentment give
a governmental defendant notice and an opportunity to settle claims without
litigation; failure to comply requires only an abatement.[15]









As we have recognized before (including
the first appeal in this case), the Whistleblower Act (1) does not require
claimants to exhaust grievance procedures, and (2) was enacted to give
government entities an opportunity to settle claims before litigation.[16]  It does not involve an administrative agency
with primary jurisdiction to adjudicate specialized disputes (the Ahallmark
of a jurisdictional statute,@ according to the Texas Supreme Court[17]).  Thus, the Act=s 60-day waiting period can only fall in Essenburg=s
Apresentment@
category.[18]

Our dissenting
colleagues correctly point out that the Act does not mention abatement.  But of course it does not mention dismissal
for want of jurisdiction, either.  The
statute simply does not say what penalty applies to suits filed too early.  But as noted above, Essenburg
does.  

Everyone agrees
the purpose of the Whistleblower Act=s 60-day waiting period is to encourage parties to resolve
disputes short of litigation.  Abatement
ensures the parties have that window of opportunity.[19]  Dismissal merely ensures they go awayCusually
permanently, as the Act=s very short limitations deadlines will pass before most
jurisdictional pleas can be filed and heard. 








Like mandatory
notice requirements in the Texas Deceptive Trade Practices Act[20]
and the Medical Liability and Insurance Improvement Act article 4590i,[21]
noncompliance with the Whistleblower Act=s 60-day waiting period requires abatement instead of dismissal
if a claimant jumps the gun.  Thus, when
Dr. Barrett did so, abatement was the proper remedy to allow UTMB to
investigate and try to settle the claim. 
Because six years have passed since he filed suit, UTMB has had more
than a fair opportunity to do so; neither dismissal nor abatement is warranted.[22]

Several
intermediate appellate courts have stated that an employee=s
failure to initiate a grievance is a jurisdictional defect.[23]  Pursuant to the Act, an employee must
initiate a grievance before filing suit:

A public employee must
initiate action under the grievance or appeal procedures of the employing state
or local governmental entity relating to suspension or termination of
employment or adverse personnel action before suing under this chapter.[24]

 

But again, this mandatory section does not
say what the consequences are if an employee fails to comply.  No court has explained why a grievance could
not be ordered during an abatement, or why the grievance requirement in section
554.006 limits the unconditional waiver of immunity in section 554.0035, when
neither section says so.  Accordingly, we
disapprove of any language in our previous cases suggesting noncompliance is
jurisdictional.








            We also recognize the Fourth Court of
Appeals has held that failure to wait 60 days before filing suit is
jurisdictional.[25]  The 60-day provision is stated in terms that
are elective, not mandatory:

If a final
decision is not rendered before the 61st day after the date procedures are
initiated under Subsection (a), the employee may elect to: (1) exhaust
the applicable procedures under Subsection (a), in which event the employee
must sue not later than the 30th day after the date those procedures are exhausted
to obtain relief under this chapter; or (2) terminate procedures under
Subsection (a), in which event the employee must sue within the time remaining
under Section 554.005 to obtain relief under this chapter.[26]


 

Again, there is nothing here to suggest
sovereign immunity is waived only after the stated deadline, or that
subject-matter jurisdiction suddenly pops into existence at that point.  And unlike section 554.006(a), this section
does not even state that an employee Amust@ wait until the deadline passes to sue.[27]  Accordingly, we respectfully decline to
follow Marin.

A few final
words about dictumCobiter or otherwise.  The
rule stated in this opinion is: filing too early is not jurisdictional, but
requires abatement unless waived by delay. 
Subject-matter jurisdiction, of course, cannot be waived.[28]  By deciding this case based on waiver, it is
hard to see why our jurisdictional conclusion is unnecessary.








Undoubtedly,
the State may place conditions on its consent to be sued, but it did not do so
here.  The deadlines in the Whistleblower
Act have important purposes, but there is no indication those include tossing
whistleblowers out of court permanently if they file suit too early.  Though compliance with the Act=s
60-day waiting period is mandatory, noncompliance should result in abatement
(if timely raised), not dismissal for want of subject-matter jurisdiction.  Accordingly, we grant Dr. Barrett=s
motion for rehearing en banc, and affirm the trial court=s
order.

 

 

 

/s/        Scott Brister

Chief
Justice

 

 

Rehearing
En Banc Granted; Opinion of December 12, 2002 Withdrawn; Judgment rendered and
En Banc Majority and Dissenting Opinions on Rehearing filed July 31, 2003. (En
Banc Majority Opinion delivered by Chief Justice Brister
and joined by Justices Hudson, Fowler, Edelman, Frost and Guzman.  En Banc Dissenting Opinion filed by Justice
Anderson and joined by  Justice Seymore.  Justice
Yates also filed an En Banc Dissenting Opinion.)

 

 











[1]  See
Tex. Gov=t Code '
554.001B.010.





[2]  See
' 554.006(a).





[3]  See
Barrett v. The Univ. of Tex. Med. Branch at Galveston,
No. 14-01-00529-CV, 1999 WL 233341 (Tex. App.CHouston
[14th Dist.] 1999, pet. denied) (not designated for publication). 





[4]  See
Tex. Gov=t Code '
554.006(d).





[5]  See
Tex. Civ. Prac. & Rem. Code
' 51.014(a)(8)
(allowing interlocutory appeal if trial court denies plea to the jurisdiction
by governmental unit).





[6]  See Univ.
of Tex. Med. Branch at Galveston v. Barrett, No. 14-01-00529-CV, 2002 WL
31769264  (Tex. App.C
Houston [14th Dist.] 1999, no pet.) (not designated for publication).





[7]  The
Ato the extent@
clause limits damages to those allowed by the Act.  See Tex.
Gov=t Code ' 554.003 (capping recovery
of nonpecuniary losses and barring punitive damages).





[8]  Whether a
trial court has subject‑matter jurisdiction is a question of law subject
to de novo review.  See Texas Natural
Resource Conservation Comm'n v. IT‑Davy, 74
S.W.3d 849, 855 (Tex. 2002).  Statutes
waiving sovereign immunity are strictly construed.  See Brainard v.
State, 12 S.W.3d 6, 28 (Tex. 1999). 
We construe a statute to  give effect to legislative intent, based on
the actual language used.  See Am.
Home Prods. Corp. v. Clark, 38 S.W.3d 92, 95 (Tex. 2000).





[9]  Post at
___.





[10]  See
Tex. Gov=t Code '
554.007.





[11]  See Wichita
County, Tex. v. Hart, 917 S.W.2d 779, 783 (Tex. 1996).





[12]  9 S.W.3d 351
(Tex. App.CHouston [14th Dist.] 1999, pet. dism=d w.o.j.).





[13]  Id. at
356; see also Tex. Gov=t Code ' 554.005; accord, Tex. Dept. of Mental
Health and Mental Retardation v. Olofsson, 59
S.W.3d 831, 833 (Tex. App.CAustin 2001, no pet.); Castleberry Indep. Sch. Dist. v. Doe, 35 S.W.3d 777, 782 (Tex. App.CFort Worth 2001, pet. dism=d w.o.j.). Contra, Tex.
S. Univ. v. Carter, 84 S.W.3d 787, 791B92
(Tex. App.CHouston [1st
Dist.] 2002, no pet.).





[14]  988
S.W.2d 188 (Tex. 1998) (per curiam).





[15]  Id. at
189.





[16]  See
Fort Bend Indep. Sch. Dist.
v. Rivera, 92 S.W.3d 315, 319 (Tex. App.CHouston
[14th Dist.] 2002, no pet.); Barrett, 1999 WL 233341, at *4. 





[17]  Travis
County v. Pelzel & Assocs., Inc., 77 S.W.3d
246, 249 (Tex. 2002). 





[18]  Our dissenting
colleagues say this is an Aexhaustion@ statute
because sovereign immunity is involved. 
They appear to be the first to add this qualifier to the Essenburg criteria.  By relying on Schroeder v. Tex. Iron
Works, Inc., 813 S.W.2d 483 (Tex. 1991), a case involving an exhaustion
statute, they again appear to miss the distinctions that Essenburg
requires.





[19]  Our dissenting
colleagues are correct that if a governmental entity does not move for
abatement of a prematurely filed suit, it will not be abated.  As long as they are not jurisdictional,
parties may agree to waive their procedural rights.  See, e.g., In re Bruce Terminix
Co., 988 S.W.2d 702, 704 (Tex. 1998) (holding party may waive right to
arbitration by substantially invoking judicial process to opponent's
detriment).





[20]  See Hines
v. Hash, 843 S.W.2d 464, 468 (Tex. 1992) (holding failure to comply with
30-day pre-suit notice provision in DTPA required abatement rather than
dismissal).  Our dissenting colleagues
are incorrect that Hines is distinguishable because the DTPA has the
word Aabatement@ in the
statuteCthe word was added in 1995 to conform the statute to
the Hines holding from three years earlier.  See Act of Sept. 1, 1995, 74th Leg.,
R.S., ch. 414, ' 6, 1995
Tex. Gen. Laws 2993.





[21]  See
Schepps v. Presbyterian Hosp. of Dallas,
652 S.W.2d 934, 938 (Tex. 1983) (holding failure to comply with 60-day pre-suit
notice provision in article 4590i required abatement rather than dismissal). 





[22]  See
Hines, 843 S.W.2d at 468 (holding defendant
waives abatement unless requested very soon after answer).





[23]  See,
e.g., City of Weatherford v. Catron, 83 S.W.3d
261, 266 (Tex. App.CFort Worth 2002,
no pet.); Carter, 84 S.W.3d at 791B92;
Johnson v. The City of Dublin, 46 S.W.3d 401, 405 (Tex. App.CEastland
2001, pet. denied); Gregg County v. Farrar, 933 S.W.2d 769, 777 (Tex.
App.CAustin 1996,
writ denied); see also Rivera, 93 S.W.3d at 320 (analyzing grievance
requirement as if it were jurisdictional without expressly holding it was).





[24]  Tex. Gov=t Code '
554.006(a).





[25]  See
City of San Antonio v. Marin, 19 S.W.3d
438, 441 (Tex. App.CSan Antonio
2000, no pet.). It is significant that
the City requested abatement in Marin, not dismissal. But because the
employees in that case had abandoned their grievance and the American
Arbitration Association had closed the file, there was nothing left to abate
the case for.





[26]  Tex. Gov=t Code '
554.006(d) (emphasis added).





[27]  In Univ. of
Tex. Med. Branch at Galveston v. Hohman, the
First Court of Appeals found the trial court had jurisdiction under the
Whistleblower Act, even though the facts recited show the employees did not
wait 60 days after initiating grievance procedures before filing suit.  6 S.W.3d 767, 774B75 (Tex. App.CHouston
[1st Dist.] 1999, pet. dism=d w.o.j.).





[28]  See Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex.
2000).